[No. 15548.    Department One.—December 3, 1894.]

## CALIFORNIA AND NEVADA RAILROAD COMPANY, RESPONDENT, *v.* A. MECARTNEY, APPELLANT.

TAX SALE—REDEMPTION—CONSTRUCTION OF CODE—WORD "OR" USED CONJUNCTIVELY.—In section 3780 of the Political Code, which provides that a redemption may be made within twelve months from the date of the purchase, or at any time prior to the filing of certain affidavits and the application for a deed, the word "or" may be read "and," as all the recited events are required to happen before the owner will be deprived of his right to redeem.

ID.—INSUFFICIENT NOTICE OF REDEMPTION.—A notice of redemption stating that the time allowed by law for the redemption of the property will expire on a specified date, not corresponding with the period of twelve months from the date of the purchase, and that unless redeemed sooner the purchaser "will hereafter apply to said tax collector for a deed," does not sufficiently state, as required by the statute, "the time when the right of redemption will expire, or when the purchaser will apply for a deed."

ID.—INVALID ASSESSMENT OF RAILROAD.—An assessment of land claimed and occupied by a railroad company as a right of way, together with the track and all substructures and superstructures which support the same, without any separate assessment of land and improvements, as required by section 2 of article XIII of the constitution, is void.

ID.—ASSESSMENT BY STATE BOARD OF EQUALIZATION—AUTHORIZED EXCEPTION.—The constitution provides a mode in which the state board of equalization shall fix its valuation of railroads, and must be construed, in so far as it differs from the general rule, in allowing the roadway, roadbed, and rolling-stock to be valued together, as an authorized exception.

ID.—RIGHT OF WAY—EASEMENT—ABANDONMENT.—The right of way of a railroad is in the nature of an easement, and is required only for the purpose of the railroad, and when the road is abandoned, or removed from the strip of land over which the railroad has a right of way, the land is discharged of the burden, and the right of way no longer exists.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Moses G. Cobb,* and *Edward J. Pringle,* for Appellant.

The notice for redemption was sufficient, as it was given in substantial compliance with the code. (Pol. Code, secs. 3780, 3785.). Whatever may be the fate of the tax deed the defendant cannot be deprived of the right to hold his lien until redemption be made. (*Reed v. Lyon,* 96 Cal. 504.) It was not necessary to assess the land and improvements separately, but the assessment of the "right of way, together with the track and substructures and superstructures which support the same," was a sufficient assessment. (See Pol. Code, secs. 3664, 3665.) As the railroad was not finished, an assessment of its franchise would have been improper, excepting in the county of the principal place of business of the corporation. (See *Spring Valley Water Works* v. *Barber,* 99 Cal. 36.) Respondent can have no decree without repayment of the amount paid for its taxes with interest. There is nothing in the case to overcome the presumption that the assessment and "all the forms of law in relation to the assessment and levy have been complied with." (*San Francisco* v. *Pennie,* 93 Cal. 475.) Under such circumstances we are at least entitled to our money with interest. (*Harper* v. *Rowe,* 53 Cal. 233. Concurring opinion of Justice Garoutte in *Benson* v. *Shotwell,* June 18, 1894; *Barnett* v. *Cline,* 60 Ill. 205.)

*Noble Hamilton,* and *R. M. F. Soto,* for Respondent.

Under the new constitution, as well as under the provisions of law adopted in pursuance thereof, all property not exempt from execution, in which definition is included a railroad franchise, must be taxed. (Cal. New Const., art. XIII, sec. 1; Pol. Code, secs. 3607, 3617, 3627.) The property of a corporation which is essential

to the exercise of the functions for which it has been created, cannot be sold separate and apart from its corporate franchise, and as distinct therefrom, either under judicial process or for delinquent taxes, unless there is some express statutory provision for such sale. Especially is this rule applicable to a railroad corporation, inasmuch as it is regarded as an entirety, and therefore not severable and subject to be sold in sections. (*Fond du Lac Water Co.* v. *City of Fond du Lac*, 82 Wis. 322; *Oskaloosa Water Co.* v. *Board of Equalization*,. 84 Iowa, 407; *Georgia* v. *Atlantic etc. R. R. Co.*, 3 Wood, 434; *Applegate* v. *Ernst*, 3 Bush, 648; 96 Am. Dec. 272; *Virginia etc. R. R. Co.* v. *Washington Co.*, 30 Gratt. 481; *Missouri etc. R. R. Co.* v. *Morris,* 7 Kan. 210; 1 Desty on Taxation, 392, 393, 397, 398; Pierce on Railroads, 476; *East Alabama Ry. Co.* v. *Doe*, 114 U. S. 340, 353, 354; *Gue* v. *Tidewater Canal Co.*, 24 How. 257; *Gregory* v. *Blanchard*, 98 Cal. 311; *Williams* v. *Mountaineer G. M. Co.*, 102 Cal. 134; *Farmers' Loan & Trust Co.* v. *Candler*, 87 Ga. 241; *Midland Ry. Co.* v. *Wilcox*, 122 Ind. 84; *Muller* v. *Dows*, 94 U. S. 444.) And inasmuch as a sale of a segregated portion of a line of railway would not transfer any interest in the corporate franchise the sale would be void, as the corporate property could not be utilized without the corporate franchise. (*Memphis ctc. R. R. Co.* v. *Railroad Commrs.*, 112 U. S. 609; *Muller* v. *Dows*, 94 U. S. 444; *Midland Ry. Co.* v. *Wilcox*, 122 Ind. 84.) The certificate of sale is void on its face, as it does not state "the time when the purchaser will be entitled to a deed." (Pol. Code, sec. 3776.) The statement in the notice of redemption that the defendant would "hereafter" apply for a deed rendered the notice insufficient. (Pol. Code, sec. 3785. See *Brophy* v. *Harding*, 137 Ill. 626.) The matters required to be stated in the notice prescribed by section 3785 of the Political Code constitute the form of the notice. They are facts to be stated in the notice, and if not truly stated, or if omitted, the notice does not serve the purpose had in view by the statute. The materiality, wisdom, or policy of the requirement is

beyond inquiry by the courts. (Blackwell on Tax Titles, 4th ed., secs. 261, 262, pp. 286–88; *Stebbins* v. *Kay*, 123 N. Y. 35, 36; *Lockwood* v. *Gehlert*, 127 N. Y. 241; *Hoyt* v. *Saginaw*, 19 Mich. 39, 46; 2 Am. Rep. 76; *Smith* v. *Buhler*, 121 N. Y. 213, 217, 218; *Brophy* v. *Harding*, 137 Ill. 621, 625–27; *Benefield* v. *Albert*, 132 Ill. 665, 671; *Wisner* v. *Chamberlin*, 117 Ill. 578, 579; *Hill* v. *Timmermeyer*, 36 Kan. 252; *Knowlton* v. *Moore*, 136 Mass. 32, 33; *Alexander* v. *Pitts*, 7 Cush. 503, 505; *Grimm* v. *O'Connell*, 54 Cal. 522; *Reed* v. *Lyon*, 96 Cal. 501; *Miller* v. *Miller*, 96 Cal. 380; 31 Am. St. Rep. 229; *Hughes* v. *Cannedy*, 92 Cal. 386; *Landregan* v. *Peppin*, 86 Cal. 126, 127; *Long* v. *Wolf*, 25 Kan. 522; *Cartwright* v. *McFadden*, 24 Kan. 668–70; *Wyer* v. *La Rocque*, 51 Kan. 710; *Brady* v. *Dowden*, 59 Cal. 51; *Daly* v. *Ah Goon*, 64 Cal. 512; *Hubbell* v. *Campbell*, 56 Cal. 527; *Wilson* v. *Atkinson*, 68 Cal. 591; *Bidleman* v. *Brooks*, 28 Cal. 72; *Daniels* v. *Case*, 45 Fed. Rep. 843.) The record shows that the purchase of appellant, the certificate of sale, and the deed issued to him are all invalid, and therefore he has no lien, and is not entitled to any relief in this action. (*Barber* v. *Evans*, 27 Minn. 93; *McCormick* v. *Edwards*, 69 Tex. 106, and authorities there cited; *Carter* v. *Phillips*, 49 Mo. App. 319; *Axtell* v. *Gerlach*, 67 Cal. 483; *Greenwood* v. *Adams*, 80 Cal. 74; *Brady* v. *Burke*, 90 Cal. 1.) *Caveat emptor* applies here. (*Pearson* v. *Creed*, 78 Cal. 147.)

The COURT.—This is a suit to quiet plaintiff's title to a strip of land described as " that certain strip of land twelve and one-half (12½) miles in length, situate in the county of Contra Costa, state of California, commencing at a point on San Pablo creek, on land owned by H. Brockhurst, in said county, and running thence in a westerly and southerly direction to the Alameda county line in said state, together with a railroad track thereon and all the substructures and superstructures supporting the same, and the appurtenances, which, during all said times, were, and now are, used by said plaintiff to

pass, repass, and occupy, with trains, engines, and cars belonging to it."

The defendant pleads title acquired through a tax sale for taxes due for the fiscal year ending June 30, 1891. The plaintiff recovered judgment, and defendant appeals therefrom and from an order denying a new trial.

Respondent, to sustain the judgment, points out a great many alleged defects in defendant's pleading and in the evidence.

We do not think it necessary to notice all of them, for, if any one is well founded, the judgment must be affirmed.

1. We think the notice of redemption, as it is called, is insufficient. It is provided (Pol. Code, sec. 3780) that a redemption may be made within twelve months from the date of the purchase, or at any time prior to the filing of certain affidavits and the application for a deed. "Or" may be read "and," for it is evident that all the recited events must happen before the owner will be deprived of his right to redeem.

The mode of applying for a deed is prescribed in section 3785 of the Political Code.

It provides that thirty days before the time for redemption expires, or thirty days before he applies for a deed, the purchaser must serve upon the owner a notice, in which, among other things, must be stated "the time when the right of redemption will expire, or when the purchaser will apply for a deed."

The notice served by the defendant was, on this point, "that the time allowed by law for the redemption of said property will expire on the fourteenth day of May, A. D. 1892, and, unless redeemed sooner, the undersigned will hereafter apply to said tax collector for a deed."

If by the phrase "time allowed by law for redemption" is meant when the twelve months from the purchase will expire, the time was incorrectly stated. If it is intended to indicate that the time for redemption will then be ended by the application for a deed the state-

ment is insufficient, because the notice immediately proceeds to state that the purchaser will at some indefinite time (hereafter) apply for a deed.   Had the notice omitted to state any thing in regard to the application for a deed it is possible that the notice that the time for redemption would expire on the day named might be held to mean that the purchaser would then put an end to the right by applying for a deed, for the purchaser could not put an end to the period allowed for redemption except by the performance of the acts designated, one of which is the application for a deed.   But a notice that at an indefinite time the purchaser will apply for a deed fixes no time when the right to redeem will expire.

2. If the foregoing were the only fatal objection to defendant's title it would still leave him with a lien, and he could still give the required notice, and demand his deed.   But the decree is to the effect that defendant has no rights in the premises.   It becomes necessary, therefore, to inquire whether the assessment is valid.

The description in the assessment is: "The land claimed and occupied by the California and Nevada Railroad Company as a right of way for the California and Nevada railroad, together with the track and all substructures and superstructures which support the same, comprising twelve and one-half miles of railroad, commencing at a point on San Pablo creek, on land owned by Henry Brockhurst, and running thence in a westerly and southerly direction to the Alameda county line, valued and assessed at six thousand dollars per mile.   Value, seventy-five thousand dollars; total value, seventy-six thousand dollars; total tax, nine hundred and seventy-five dollars."

Although land is here mentioned, still it is said that it, with the track and all substructures and superstructures "comprises twelve and one-half miles of railroad," which is assessed at six thousand dollars per mile.

There is no separate assessment of land and improvements, and it is contended that therefore the assessment is void.   It is provided in the constitution, section 2,

article XIII: "Land and the improvements thereon shall be separately assessed."

In section 3617 of the Political Code, which is found in title IX of the code in regard to revenue, are some definitions of terms as used in the code. The second subdivision reads: "*Second.* The term 'real estate' includes: 1. The possession of, claim to, and ownership of, or right to the possession of land," etc.

If the question were a new one there might be some plausibility in claiming that the right of way acquired by a railroad company is not real estate, but a mere easement, leaving the title, and even the right of possession, subject to the easement in the landowner. That position would not help the appellant here. The right of way was valued as land, and as part of the railroad. If the land did not belong to the plaintiff it was improperly assessed to it; if it did, or if the interest of the corporation in it is properly designated land, then, by virtue of the constitutional provision and the code, both the roadway and the improvements (the roadbed, track, etc.) should have been assessed separately. (*Huntington* v. *Central Pac. R. R. Co.*, 2 Saw. 503, and cases there cited.)

Counsel for appellant cites several provisions from the code in regard to the assessment of railroads by the state board of equalization, which seem to indicate that the roadway, roadbed, and rolling-stock are to be valued together. This matter is fully explained in *San Francisco etc. R. R. Co.* v. *State Board*, 60 Cal. 12. The constitution provides a mode in which the state board shall fix its valuations. This must be construed, so far as it differs from the general rule, as an authorized exception. In the above case reference is made to the code provisions requiring the county assessor to specify and separately assess different species of property, and it is said: "It thus appears that while, as to assessments made by the assessor, the kinds are to be separately stated, the assessment by the state board of the franchise, roadbed, etc., is entered in one column and as a single item."

There may be nothing in the point that the right of way cannot pass, because the franchise is not sold with the right of way. If the statute authorizes such sale possibly there is nothing more to be said. But it is somewhat difficult to determine what a purchaser would get. The right of way is in the nature of an easement, and is acquired only for the purpose of the railroad. When the road is abandoned or removed from the strip of land over which the railroad has a right of way the land is discharged of the burden. The right of way no longer exists. The plaintiff may be in no condition, however, to raise this point.

The judgment and order are affirmed.