Fuller and others v. The Board of Commissioners of Jackson County.

---

ALBERT FULLER, *et al.* v. THE BOARD OF COMMISSIONERS OF JACKSON COUNTY.

A petition of County Commissioners against a County Treasurer and his sureties on his bond setting forth the bond, its execution, delivery and approval, the entering upon the duties of the office under it, the collection of money for the county by him, a settlement between him and the board, the account in full showing a balance due with all the acts of the board thereon, a demand of payment and refusal to pay or to deliver books and money to his successor under a general objection that the petition does not state sufficient facts, pointing out no specific defect, *held* sufficient.

Where the answer in such case denies generally, and denies the indebtedness, and where the record of the settlement with the board as spread upon their books, containing the items of account was introduced in evidence on the part of plaintiffs below, *held* that under the pleadings the

only issue the record could be introduced to maintain, was to show a settlement.

Because the record contained the items of account it does not follow that, without raising any issue as to the correctness of the settlement, the defendant could go behind it, *held* that evidence offered by defendants below that certain items of the account were not correct or just, was properly ruled out by the Court below. *Semble*, there may be cause to doubt that the settlement by being spread upon the record had become such an one that it could not be disproved.

The board had no right to hold the sureties for any moneys received by the Treasurer before the execution of the bond, but *held* that an instruction "that the plaintiffs cannot recover on the bond for those items *charged* prior to the execution of the bond, and that the plaintiffs must prove in order to recover, that every item of the account *accrued* after the signing of the bond, otherwise the item of amounts to be excluded," refused by the Court below, are not good law. The *date* of the charges could not fix the liability of defendants nor the time when the items as taxes of previous years accrued, make it necessary to exclude, &c. *Held* that the refusal to give such charges was not error, especially when the Court charged correctly, "that if the jury believe from the evidence that any portion of the indebtedness as charged in the petition went into the hands of the defendant, Treasurer, before the execution of the bond, and the Treasurer had not made default thereto, then they must exclude those items from the amount so demanded, and if the jury believe from the evidence that the money so received, as former Treasurer came into his hands as Treasurer after the execution of the bond, they must find those items for plaintiffs."

This was an action brought by the Board of County Commissioners of Jackson County, against Albert Fuller and his sureties on his bond as Treasurer of that County. The petition set forth the bond, its execution, delivery and approval according to law, the entering upon the duties of the office under it, the collection of moneys for the county by him as such Treasurer, a settlement after several unsuccessful attempts between him and the board, sets forth the account in full with all the items showing a balance due with all the acts of the board thereon a demand of payment, and of a delivery of the Treasurer's books and refusal to pay or deliver to his successor. The condition of the bond is as follows:

"If the said Albert Fuller and his deputy and all other persons employed in his office shall faithfully execute the

duties of said office, and if the said Albert Fuller shall pay according to law all moneys which shall come to his hands as Treasurer, and will render a just and true account thereof whenever required by said Board of Supervisors or by any provision of law, and shall deliver over to his successor in office or to any other person authorized by law to receive the same—all moneys, books, papers and other things appertaining or belonging to his said office, then the above obligation to be void, otherwise to be in full force and effect.

The answer contained three counts, two of which are as follows :

"1st. That said plaintiff ought not to have or maintain his aforesaid action thereof against them, because they say that they deny each and every allegation in said petition alleged against them, and every part and parcel thereof, and of this they put themselves upon the country.

"2d. And for further answer thereto, the said defendants say that they do not owe nor are they jointly or severaally indebted to the said plaintiff in the sum of five hundred and fifty-two dollars and eighty-one cents, (552.81,) or any part or portion thereof, nor are they indebted to the plaintiff as aforesaid in any sum of money whatever, and of this they put themselves upon the country."

The third count was held to be insufficient on demurrer, to which ruling no exception appears of record.

Several exceptions were taken on the trial, the facts pertaining to which together with other facts in the case appear in the opinion of the Court.

Judgment below was rendered for plaintiffs. The defendants below bring the case up on a bill of exceptions.

The case was argued in the Supreme Court by *J. Brockway*, for plaintiffs in error, and by *T. Fenlon*, for defendants in error.

*J. & D. Brockway*, for plaintiffs in error, submitted:

1st.   The Court below ought to have permitted the defendant there to disprove the items contained in account. The Court erred in holding that this statement of the County Clerk had become a record and could not therefore be disproved by parole.   The Clerk had no legal authority to settle with Fuller,—only the Board could do this.   The mere fact that this report was spread out upon the journal of the proceedings of the Board did not make it conclusive upon the defendant.   The original paper itself if introduced in evidence, was not conclusive upon any body, much less would a *copy* of it spread out upon the journal be conclusive.   This report was nothing more than an opinion or declaration of the County Clerk.   The original paper not being admissible in evidence, how could a copy of it spread upon the county records without any authority of law be *conclusive* evidence?

The County Board had no power to make a judicial record.   The Organic Act declared that the judicial power of the Territory should be vested in certain courts, naming them, but the Board of County Commissioners is not mentioned among them.   *See Organic Act, Sec.* 27.

This section prohibited by implication the exercise of "judicial power" in any tribunal except such as are enumerated in this section.   But the spreading of this report on the journal could not have given it the character of a judicial record if the Board had been invested with ever so full judicial authority.

It did not show any adjudication with Fuller.   The Board could not delegate their powers to the Clerk.   The Board alone could settle with the Treasurer.   *Comp. Laws*, 430, *Sec.* 111.

2d.   But if this report of the County Clerk had imported a *settlement* between Fuller and the Board, and if such settlement had the full force and effect of a judgment against *him*, yet the other defendants as Fuller's sureties

Fuller and others v. The Board of Commissioners of Jackson County.

would not thereby be precluded from showing the fact, that Fuller did not actually owe the Commissioners anything at the time of the settlement. The sureties had no opportunity to be heard until they were in Court. *Douglas* v. *Haviland*, 24 *Wend.*, 35, *and cases cited*; 4 *Hill*, 522.

*Thos. P. Fenlon*, for defendants in error, submitted:

1st. The Court did not err in "ruling out" the testimony of Fuller to disprove certain items in the account. By the act of (1859 p. 430,) the Commissioners of the County were vested with the power to settle with the County Treasurer, to allow or disallow any items of the account, and Sec. 26, (p. 414,) provides for an appeal from the decision of the Board. This is a peculiar special provision introduced into our public system and is the only manner in which a party agrieved by the act of the County Commissioners can have their acts reviewed; there was ample remedy for the defendants in this way and failing to avail themselves of the only way laid down in the law, they can not now complain of the consequences of their own laches; besides, even if they were not concluded by the statute referred to, the records of the County Commissioners office are made evidence by law, and facts proved by records are not to be contradicted by parole evidence.

2d. The allegation in the petition as to the settlement is, that an accounting was had between the Treasurer and the County and a balance struck, which allegation is denied by the answer. Now, the plaintiff having proved that there was an accounting and settlement, the only evidence that the defendants could introduce under their answer, was evidence tending to deny the fact of settlement, and hence the testimony offered by the defendants "to disprove certain items in the account," was improper under the pleadings, was not testimony tending to disprove any allegation in the petition, and therefore was properly excluded by the Court below.

But further as to this point, the bill of exceptions does not show to this Court, nor does the record anywhere disclose what the record marked " G " was introduced in evidence to prove, it may have been introduced to prove the fact of settlement, which was a necessary fact to be proved in the case. If it was read for this purpose, the testimony offered by the defendants " to disprove certain items in the record " G," was no reply to that proof, and on that ground was properly excluded by the Court. The record " G " may have been introduced to prove the date of the settlement, which it was competent to do, and " to disprove certain items in the account," was no answer to that evidence. If the exhibit was read to prove the items therein contained, the bill of exceptions should have shown to this Court that such was the fact. This Court can not suppose that such was the case, and upon a mere supposition proceed to overrule the judgment of the Court below. Every intendment of law is in favor of the propriety of the proceedings, and the legality of the judgments of the lower Courts, and if judgments are to be set aside it must be clearly and distinctly shown that error has been committed. An Appellate Court will not suppose error and then act as if error was actually shown by the record. Upon all these grounds then the judgment of the Court on the question of admitting the defendant's testimony must be sustained, to-wit:

The defendants should have appealed from the County Board.

Parole testimony can not contradict a record.

Defendants answer only denied the fact of settlement, not the correctness of items in the settlement.

The record fails to show what the exhibit was introduced to prove, and it should show affirmatively that it was to prove the items before the testimony offered could be admitted.

*By the Court,* KINGMAN, J.

The plaintiffs in error were sued on the bond of Fuller as County Treasurer, on which the other plaintiffs in error, were sureties. The petition is long and very full, setting out the bond and a settlement with Fuller by the Board of County Commissioners, showing the amount found due and unpaid.

The answer contains *first,* a general denial of all the allegations of the petition; *second,* denying any indebtedness; and *third,* a set off of moneys due from the county to defendant Fuller. A demurrer was sustained to the third cause of defense, and no exception was taken to the judgment of the Court on the demurrer.

Of the many points set up in the petition in error and argued before the Court, but three appear from the record.

The first is, that the petition does not state facts sufficient to constitute a cause of action. As no specific defect was pointed out, we shall content ourselves with expressing the opinion that the petition is sufficient. As it covers eleven pages of legal cap, it is hardly necessary to copy it in order that it may be seen to be good.

The second error claimed is rejecting testimony. The plaintiffs introduced the record of the settlement which contains in full the account made out at the time the settlement was made, and this is all the evidence the record shows. Defendants on their part offered to prove by defendant Fuller that certain items of the account were not correct or just, which the Court would not permit, holding that the settlement had become and was a record, and that the same could not be disproved by parole under the pleadings in the case.

There may be much cause to doubt whether the settlement by being spread upon the record had become such a record that it could not be disproved. On this point no opinion is expressed. But the testimony offered was clearly inadmissible under the pleadings; it supported no issue made in the case.

Defendants were sued on a bond, a default was alleged and a settlement of the accounts, and on this settlement required by law the claim for the amount due rested.

The bill of exceptions states that the plaintiffs introduced the record to maintain the issues on their part. The only issue they could be used to maintain was to show a settlement; and because the settlement contained the items of the account as presented and made part of the settlement, it does not follow that without raising any issue as to the correctness of the settlement, the defendant could be allowed to go behind it by his proof. If that course could be pursued at all, it could only be done on a state of pleadings that made it proper. If the answer had set up as a ground of defense that the settlement made with the Board was incorrect and contained errors, then only would the testimony have been pertinent to the issue made. But this was not done. The petition avers a settlement as the law required. This the defendants denied, and this was the issue on this point, and the Court properly ruled out the evidence.

The third error alleged is the refusal of the Court to give the following instructions at the instance of the defendant:

"That the plaintiffs can not recover on the bond here sued on for those items of amounts charged to the Treasurer of Jackson County prior to the execution of the bond by the defendants.

"That the plaintiffs must prove, in order to recover, that every item of the account accrued after the signing of the bond, and if they have failed to establish that fact, the jury is bound to exclude the item of amounts."

These the Court refused, but gave the following:

"That if the jury believe from the evidence that any portion of the indebtedness as charged in the plaintiffs petition went into the hands of the defendant, Albert Fuller, as Treasurer of Jackson County, before the execution of the bond, and the Treasurer had not made default thereto, then

they must exclude those items from the amount so demanded by the plaintiff in his petition, and that if the jury believe from the evidence that the money so received as former Treasurer came into his hands, as Treasurer, after the execution of the bond, then they must find these items for the plaintiff."

It appears from the petition that the bond was given on the 21st day of September 1858, and the settlement of the items of account filed as part of the settlement, with the petition, show some items of account charged before that time. The record is silent as to the proof in regard to these items. Certainly the Board of County Commissioners had no right to hold the sureties in the Treasurer's bond as bound for any moneys received by the Treasurer before the execution of the bond, but it may well have been that the taxes of 1856 and 1857 charged to him, were balance of taxes for those years thât properly and legally came into his hands for collection, and for which he was bound to account, and for which also, his sureties were responsible. From the smallness of the amounts charged in each year this seems probable. In such a state of proof, which is all the record discloses, the defendants were not entitled to the instructions asked, nor were they under the issues raised by the pleadings as has been already shown.

If these reasons are not sufficient for rejecting the instructions asked, there are two others that will undoubtedly be deemed satisfactory. The first is, that taken literally, neither of them is good law. It can hardly be necessary to repeat that if the treasurer actually received the items charged after the bond was given, that plaintiff could recover them on the bond even if they happen to be dated prior thereto, and yet defendants asked the Court to say that items charged before the date of the bond could not be recovered without regard to whether they came into his hands before or after the bond was given.

The second clause of the instruction asked and refused requires the plaintiff to prove that every item of account

accrued after the signing of the bond, in order to recover, and if they have failed to establish that fact, the jury is bound to exclude the item of amounts. What the last clause of this paragraph means, we may guess—it can never be known. The first part is not law. Another reason for refusing these instructions is, that all that is apparent law or reason, is included in the instructions that were given.

Judgment affirmed.

All the justices concurring.

CROZIER, C. J., BAILEY, J., and KINGMAN, J., on the bench.