[Civ. No. 872.   Third Appellate District.—January 13, 1912.]

FRANK A. MACHADO, Respondent, v. D. J. CANTY, Appellant.

ACTION TO QUIET TITLE—FINDINGS—SUPPORT OF JUDGMENT—TITLE UNDER UNITED STATES PATENT—VOID TAX SALE OF PUBLIC DOMAIN.—In an action to quiet title by a plaintiff, alleging ownership in fee under a United States patent, in pursuance of a homestead entry made June 1, 1897, as against a defendant claiming a tax title under the state, by a sale of the public domain for taxes of the year 1895, where the findings cover all of the issues presented, it is held that the judgment for the plaintiff follows logically and necessarily from the facts found; that the tax sale of the public domain is void under the law, and that the finding as to plaintiff's ownership in fee is of an ultimate fact, sufficient to support the judgment.

ID.—ABSENCE OF CONFLICT IN FINDINGS—CONSTRUCTION OF UNCERTAIN FINDINGS—PRESUMPTION AS TO ABSENT FINDING.—It is held that

there is no conflict in the findings, when taken together; and that any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it; and that if it were the fact that the findings do not cover all of the material issues, in the condition of the record, it would be presumed that any omission therein was without prejudice; though it is held that the findings do cover all of the essential allegations of the pleadings.

ID.—JUDGMENT QUIETING TITLE AGAINST VOID TAX TITLE—REFUNDING OF TAXES PAID NOT REQUIRED.—It is held that it was not error for the trial court to render a judgment for the plaintiff quieting his title, as against the void tax title held by the defendant, without requiring the plaintiff to pay to the defendant the amount that was paid for the property at the tax sale. The state had no right to assess taxes on the land of the United States, and a tax title thereunder could convey no title to the state, and it could convey none to defendant. The taxes paid by him were voluntary and cannot be recovered; and he can claim no subsequent taxes, or lien therefor, which has not been acquired by him.

ID.—JUDGMENT RIGHT UPON MERITS NOT REVERSIBLE FOR IMMATERIAL NEW EVIDENCE.—It is held that the judgment rendered by the superior court should be affirmed, and cannot be reversed and remanded for a new trial, upon a showing of evidence newly discovered pending the appeal which is stated to be upon information of a witness not produced, and shows that the evidence stated would be immaterial, upon a new trial, as it merely states that in 1895, when the public domain was assessed, a homestead claimant was then in possession, which shows a title then in the United States, which was not subject to taxation by the state. The law in force at the time of the assessment must govern.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge.

The facts are stated in the opinion of the court.

Carter & Carter, and Royle A. Carter, for Appellant.

Sutherland & Barbour, for Respondent.

BURNETT, J.—The action, brought in the usual form to quiet title, resulted in a judgment for plaintiff, from which the appeal is taken on the judgment-roll.

The decisive question is whether the findings support the judgment. The court found: "That the plaintiff is now, and for more than three years prior to the commencement of this·

action has been, the owner, in fee and entitled to the possession of that certain real property [describing it]. That the defendant, D. J. Canty, claims some right, title or interest in said real property adverse to said plaintiff; that the said claim of defendant is based upon a certain assessment of said property for state and county taxes of the year 1895, for which taxes said property was purported to have been sold to the state of California by the tax collector of the county of Fresno, state aforesaid, on July 3, 1896, said tax collector's certificate of such purported sale being thereupon issued to said state, also upon said tax collector's deed dated on or about July 8, 1901, purporting to convey the title to said premises to the state of California, and also upon said tax collector's deed to defendant, dated May 31, 1905, purporting to convey to defendant all of the interest of the state of California in and to said real property. That at the time said assessment was levied upon said real property, and during the entire year 1895, said land was a part of the public domain of the United States of America, and not subject to taxation by the state of California. That on or about the first day of June, 1897, plaintiff made application to enter upon said land as a homestead entryman, said application being numbered 9596, and thereafter, on or about the twenty-second day of August, 1904, final certificate No. 4641 was issued by the general land office of the United States of America to plaintiff, and on March 8, 1905, letters patent of said land were issued by the United States of America to plaintiff, conveying to plaintiff the absolute title thereto.'' Then follow the conclusions of law that said assessment and tax deed were void, that defendant has no interest in the property, and that plaintiff is the owner in fee simple and entitled to the possession thereof, and directing a decree in accordance with the prayer of the complaint.

That the judgment in favor of plaintiff follows logically and necessarily from the facts found seems beyond candid controversy. The only pretense of an argument that could be made to the contrary is based upon the assumption that the purported findings of fact are in reality but a statement of legal conclusions. This is, however, opposed to the correct view of the situation. The finding that plaintiff ''is the owner in fee'' of the property is of an ultimate fact and is

sufficient to support the judgment. (*Smith* v. *Acker*, 52 Cal. 217; *Frazier* v. *Crowell*, 52 Cal. 399; *Murphy* v. *Bennett*, 68 Cal. 531, [9 Pac. 638].)

Nor is there any conflict in the findings. Appellant contends that "Finding 5 expressly declares that, from and including the year 1895 [the year of the assessment], the property was subject to the rights of plaintiff though the title was in the United States." As pointed out by respondent, this is not a fair inference from said finding. The language is: "That during said period from and including the year 1895 to March 8, 1905, title to said lands was in the United States of America subject only to the rights of said plaintiff as a homestead entryman thereon, as aforesaid." The rights of plaintiff "as aforesaid" are determined by the preceding finding. Therein it is disclosed that he had no right in the premises till about the first day of June, 1897, when he "made application to enter upon said land as a homestead entryman." Of course, any uncertainty in the findings is to be construed so as to support the judgment rather than defeat it. (*Warren* v. *Hopkins*, 110 Cal. 506, [42 Pac. 986].)

There is no merit in the contention that the findings do not cover all the material issues. If such were the fact, in the condition of the record the presumption would be that it was without prejudice. (*Krasky* v. *Wollpert*, 134 Cal. 338, [66 Pac. 309].) We deem it sufficient to say that not only do the findings support the judgment, but they cover all the essential allegations of the pleadings.

It was not error for the trial court to render judgment for plaintiff without requiring him to pay defendant the amount that defendant paid for said property at the tax sale. The cases cited by appellant are not in point here, as the land in controversy before us was not subject to taxation by the state at the time of the assessment. In the case of *Brooks* v. *County of Tulare*, 117 Cal. 468, [49 Pac. 470], it is said: "It will be observed that there is a plain distinction between the Hayes case and this. Here, the plaintiff knew, or might have known, when he made his bid and paid his money, whether the land was vacant public land or not. It may be that someone had a possessory claim on the land which was subject to assessment. At any rate, his bid was voluntary and he cannot now maintain an action to recover

back the money paid." As pointed out by respondent, the Brooks case involved an action to recover from the county the amount paid by the purchaser of a tax title, based upon an assessment of land which was at the time of said assessment a part of the public domain of the United States. Other authorities cited by respondent are: *Preston* v. *Hirsch,* 5 Cal. App. 485, [90 Pac. 965]; *Norris* v. *Russell,* 5 Cal. 249; *Harper* v. *Rowe,* 53 Cal. 233; *Loomis* v. *Los Angeles County,* 59 Cal. 456; *Pennock* v. *Douglas County,* 39 Neb. 293, [42 Am. St. Rep. 579, 27 L. R. A. 121, 58 N. W. 117]; *Mitchell* v. *Minnequa Town Co.,* 47 Colo. 367, [92 Pac. 678]. The situation seems to be substantially covered by the following statement made by respondent: "This land was assessed for taxes in the year 1895 when the title to the same was in the United States, and the state had no right to assess the land. Defendant holds a tax deed based upon this illegal assessment. His tax deed is void and he has no rights whatever in this land or against this plaintiff. He is not entitled to the land because the state had no title to convey to him. He is not entitled to a refund of the money paid by him for the tax title for the reason that such payment was a voluntary payment on the part of the defendant. He is not entitled to a refund of the taxes for the years 1898 to 1904 for the reason that a void sale for the taxes of the year 1895 could not convey title for the years 1898 to 1904, and any lien that the state may have against this land has not been acquired by defendant."

When the case was called here for oral argument appellant filed a petition praying that the cause be remanded to the superior court of the county of Fresno, in which the action was tried, for a new trial and for the purpose of taking new and additional testimony, or that this court reopen the case and allow petitioner to make the additional showing here and present the evidence in proper form as the court may direct. The petition was based upon the ground of evidence discovered after the appeal was taken herein and was supported by an affidavit setting out said newly discovered evidence. Our attention has not been called to any case where such proceeding has been taken before in this state. Appellant has cited two or three decisions from North Carolina where the practice seems to have been countenanced.

In one of these, *Sikes* v. *Parker*, 95 N. C. 232, it is stated that "It has been frequently held that this court will always entertain such a motion with caution and scrutiny, and will not grant a new trial except in a clear case coming within the settled rules of practice in such respect." We need not, however, consider the question whether in this court under any circumstances such a motion could be granted, for we are satisfied that for two reasons stated by respondent the application must be denied. In the first place, appellant relies upon statements and admissions made by respondent in a conversation with a man by the name of Mc-Cord. But there is no affidavit from McCord, and all the material facts and circumstances recited in appellant's affidavit are based upon information and belief growing out of statements made to him by McCord who is only identified "as a man by the name of McCord." Such showing is manifestly too meager and uncertain to justify a court in setting aside a solemn judgment.

Again, the newly discovered evidence would be immaterial if a new trial were granted. The information upon which appellant relies is that one "M. F. Johnson entered and located the land involved in this action under the homestead entry laws of the United States. That said M. F. Johnson occupied said land, and held possession thereof under said entry, with intent to obtain a patent to said land, from some time previous to the date of the levy of said assessment, until after said levy of said assessment was made and after said property was sold for taxes to the state of California, under the sale under which your petitioner claims title, and that said M. F. Johnson was in possession of said property under said entry and entitled to possession of the same, at the time said assessment was levied, and said property was sold for taxes on said property, and on the improvements thereon, and on the personal property of said M. F. Johnson." We agree with respondent that the law in force at the time of the assessment of the taxes in question was that property belonging to the United States was not subject to taxation (Pol. Code, sec. 3607). If not subject to taxation it could not be sold to satisfy any illegal assessment. And the law in force at the time the assessment was levied is the law governing the case. But, by the affidavit in question, it is

made to appear that at the time said levy was made the title was in the United States. "It is therefore apparent," as respondent states, "that the evidence of which appellant now seeks to have the court take cognizance can have no possible bearing on the case at bar, for the reason that if · material at all, it could only be material under the statutes enacted subsequent to the assessment in question."

We think the judgment of the court below is right, and should be affirmed, and the motion to reopen the case should be denied. It is so ordered.

Hart, J., and Chipman, P. J., concurred.