NOT DESIGNATED FOR PUBLICATION

No. 122,109

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC BREWER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 24, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Eric Brewer appeals the sentence imposed by the district court after he was convicted of misdemeanor criminal damage to property. Brewer filed a motion for summary disposition in lieu of briefing pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47), and the State did not contest the motion. As such, this appeal is ready for decision.

On appeal, Brewer contends that the district court erred in imposing a jail term of six months and running the sentence consecutive to his sentence in another case. For the reasons set forth in this opinion, we conclude that the district court did not err in imposing Brewer's sentence. Thus, we affirm.

1

On September 5, 2019, Brewer pleaded guilty—pursuant to a plea agreement—to an amended charge of criminal damage to property, a class B misdemeanor. See K.S.A. 2019 Supp. 21-5813(a)(1), (c)(3). In exchange, the State dismissed a pending charge of aggravated assault against Brewer. On the same day, the district court accepted Brewer's plea and found him guilty. Moreover, the district court sentenced Brewer to a six-month sentence as agreed to by the parties. In doing so, the district court ordered the sentence to run consecutive to a sentence in another Sedgwick County criminal case but concurrent with three municipal case sentences.

ANALYSIS

On appeal, Brewer contends that the district court abused its discretion by imposing a six-month sentence and by ordering that it run consecutive to another criminal case. Nevertheless, Brewer candidly recognizes that the length of the sentence falls with the parameters for a class B misdemeanor as set forth in K.S.A. 2019 Supp. 21-6602(a)(2). As the Kansas Supreme Court has held, "[a] criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Further, as a general rule, "it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence." *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000).

Based on our review of the record, we find that the district court did not abuse its discretion. When a district court's action is a discretionary one, we reverse for abuse of that discretion only if the judicial action is arbitrary, fanciful, or unreasonable. In other words, discretion is only abused when no reasonable person would agree with the decision or if the judicial action is based on an error of law or fact. *State v. Schaal*, 305

Kan. 445, 449, 383 P.3d 1284 (2016). The party asserting an abuse of discretion—in this case Brewer—bears the burden of establishing such abuse. *Schaal*, 305 Kan. at 449.

Here, Brewer simply argues that he believes that the district court erred. He does not offer any legal or factual support for this position. Moreover, based on our review of the record, we find that the district court considered and accepted the plea and sentence agreed upon by the parties. Further, during the sentencing hearing, Brewer and his attorney both confirmed that he agreed to the plea as well as to the imposition of a six-month, consecutive prison sentence. Specifically, the record reflects:

> "[THE COURT:] Ms. Bolden, I have been provided a proposed journal entry on this case indicating the State is amending the charges whereby the defendant is wishing to plead to amended charges of a Class B misdemeanor, criminal damage to property. That journal entry has been signed by counsel and by the defendant. The aggravated assault charge is being dismissed as part of that plea agreement under the journal entry. The agreement is for six months jail on the criminal damage to property forthwith running consecutive to the sentence in 18 CR 1962.

> "Also in agreement that the defendant is in violation of his probation in 18 CR 1962 by his plea in 19 CR 1213, and that . . . sentence would be six months and would run concurrent [with] three different municipal court sentences that he is apparently serving.

> "Is that all correct, Ms. Bolden?

> "MS. BOLDEN: Yes, Your Honor.

> "THE COURT: And, Mr. Brewer, that is your understanding of the plea recommendations in this case?

> . . . .

3

"MR. BREWER:  Yes, sir."

Based on the record submitted for our review, we find that Brewer has failed to establish that the district court abused its discretion in imposing a six-month sentence as agreed upon by the parties. Likewise, we find that Brewer has failed to establish that the district court abused its discretion by running the sentence consecutive to another criminal sentence as also agreed to by the parties. We, therefore, conclude that, even if we have appellate jurisdiction over this matter—which is questionable, the district court did not err in sentencing Brewer.

Affirmed.