[Sac. No. 196.   Department One.—October 15, 1897.]

GEORGE SIMMONS, Respondent, v. DANIEL McCARTHY, Appellant.

TAXATION—DEED—YEAR OF ASSESSMENT.—Under section 3786 of the Political Code, requiring a tax deed to recite the matters recited in the certificate of sale, and section 3776 requiring the certificate of sale to state "the name of the person assessed, the description of the land sold, the amount paid therefor, and that it was sold for taxes, giving the amount and year of the assessment, and specifying the time when the purchaser will be entitled to a deed," a tax deed reciting that the property was assessed "in the year 188 , for the year 1888 and 1889," is void for failure to state the year of the assessment.

ID.—STATUTORY REQUIREMENTS—VOID DEED.—Where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued or the deed will be held void, and the courts cannot inquire whether the required recitals are of material facts or otherwise.

ID.—CERTIFICATE OF SALE—EVIDENCE OF TITLE.—Such a deed, when relied on as evidence of title, cannot be aided by reference to the certificate of sale, or by showing that the certificate complied with the statute. It is not even *prima facie* evidence that the title of the owner assessed is impaired, and cannot form the basis of a recovery.

ID.—AMOUNT PAID FOR LAND—RECITALS IN DEED.—A tax deed, reciting that the amount of taxes levied on the property was seven dollars and fifty cents and that the costs and charges which have since accrued

thereon amount to the further sum of one dollar and thirty-seven
cents, and also that the purchaser was the bidder who was willing
to take the least quantity of the land, and pay the taxes, costs, and
charges due thereon, "which taxes, costs, and charges, including
fifty cents for certificate of sale, amounted to the sum of eight dol-
lars and eighty-four cents," and that the land was sold to the pur-
chaser, "who paid the full amount of said taxes, costs, and charges,"
is void, for failure to definitely state the amount paid for the land,
it being doubtful therefrom whether the amount paid was eight dol-
lars and eighty-four cents or eight dollars and eighty-seven cents.
In such a case the maxim *de minimis* does not apply.

ID.—NOTICE TO REDEEM—AFFIDAVIT—SERVICE ON OCCUPANT.—Under section
3785 of the Political Code, a tax deed issued without an affidavit,
showing that the notice of intention to apply for a deed required
thereby to be given has been given, is void. Such affidavit must
show on its face whether the property was occupied or unoccupied,
and, if occupied, that the person upon whom the notice was served
was at the time occupying it. A mere recital in the affidavit that
the notice was served upon a lessee of the property, without a state-
ment that he was occupying it, is insufficient, and parol evidence is
inadmissible, in support of the deed, to show that the lessee was in
the occupation thereof at the time of the service.

ID.—FEE DUE FOR NOTICE.—A mere statement in the notice to redeem that
three dollars would be due for the notice, without a statement that
such sum was a portion of the "amount then due," did not impair
its sufficiency.

APPEAL from a judgment of the Superior Court of Siskiyou
County and from an order refusing a new trial. J. S. Beard,
Judge.

The facts are stated in the opinion of the court.

James F. Lodge, R. S. Taylor, and T. M. Osmont, for Ap-
pellant.

James F. Farraher, and Gillis & Tapscott, for Respondent.

HARRISON, J.—The plaintiff brought this action to obtain
judgment that he is the owner and entitled to the possession of
a certain mining claim in Siskiyou county, and that the adverse
claim of the defendant thereto is without right. At the trial
of the cause the court admitted in evidence, against the objec-
tions of the defendant, a tax deed for the premises in contro-
versy, issued to the plaintiff by the tax collector of the county
upon a sale by him for delinquent taxes for the fiscal year com-
mencing July 1, 1888, and it is contended by the defendant
upon this appeal that it was erroneously admitted, and by rea-

son of its failure to comply with the requirements of section 3786 of the Political Code should have been excluded by the court.

Section 3786 of the Political Code requires that the tax deed shall recite the matters recited in the certificate of sale, and by section 3776 the certificate of sale must state "the name of the person assessed, the description of the land sold, the amount paid therefor, that it was sold for taxes, giving the amount and year of the assessment, and specifying the time when the purchaser will be entitled to a deed." The tax deed in question recites: "That said property was assessed according to law in the year A. D. 188 , for the year 1888 and 1889, at five hundred dollars, to Empire Bar Mining Company." The recital in the deed "that said property was assessed in the year 188 ," does not give "the year of the assessment," and is itself without any meaning. Nor is this defect remedied by the subsequent statement that the assessment was "for the year 1888 and 1889," since the statute requires to be given the *year* of assessment; whereas two different years are here given. Where the statute prescribes the particular form of the tax deed the form becomes substance, and must be strictly pursued, or the deed will be held void. And, when a form has been made necessary, it is not for the courts to inquire whether the required recitals are of material facts or otherwise. A special power granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and it should so appear on the face of the proceedings." (*Grimm v. O'Connell,* 54 Cal. 522.)

Plaintiff also offered in evidence a certificate of sale in which it is recited: "That said property was assessed according to law in the year A. D. 1888, for the year 1889, at five hundred dollars, to Empire Bar Mining Company." The deed, as has been seen, recites that it was assessed "for the year 1888 and 1889." The defect in the deed, however, cannot be aided by a reference to the certificate, or by showing that the certificate complied with the statute. Unless the deed shows on its face a compliance with the requirements of section 3786, it is not even *prima facie* evidence that the title of the owner of the land assessed is impaired, and cannot form the basis of a recovery. In the case last cited it was said: "Plaintiff must recover, if at all, on

his tax deed, supported by evidence of the regularity of the prior proceedings, if the same are attacked. He cannot recover on the tax roll or delinquent list."

The deed is also defective in not stating "the amount paid" for the land sold. It recites that the amount of taxes levied on the property was seven dollars and fifty cents, and that the costs and charges which have since accrued thereon amount to the further sum of one dollar and thirty-seven cents. It also recites that the plaintiff was the bidder who was willing to take the least quantity of said land, and pay the taxes, costs, and charges due thereon, "which taxes, costs, and charges, including fifty cents for the certificate of sale, amounted to the sum of eight dollars and eighty-four cents," and that the land was sold to the plaintiff, "who paid the full amount of the said taxes, costs, and charges." Instead of stating the "amount paid," this amount can be ascertained only by reference to other recitals in the deed, and upon such reference it is left in doubt whether the amount paid was eight dollars and eighty-four cents, as just recited, or whether the amount of eight dollars and eighty-seven cents, recited in a prior portion of the deed, was "the full amount of the taxes, costs, and charges" paid by him. It is not enough to say that the difference is trifling. The maxim *de minimis* has no application in proceedings to transfer title by virtue of statutory proceedings for the enforcement of a tax. (*Treadwell v. Patterson,* 51 Cal. 637.) In such proceedings no requirement of the statute can be disregarded. The amount of the taxes, as well as the amount paid for the land sold, was capable of exact ascertainment, and, when the statute requires this amount to be stated in the deed, an erroneous statement is no better than an entire omission. "The form required becomes substance, and must be strictly pursued or the deed will be held void." (*Grimm v. O'Connell, supra.*)

It is recited in the tax deed that the plaintiff, "thirty days prior to the application for a deed, served upon William N. Gott and Empire Bar Mining Company, the occupants of the property purchased," a notice of his intention to apply for a deed, as required by the provisions of section 3785 of the Political Code, and also that he had filed with the tax collector "an affidavit showing that notice has been given to the occupant of the

CXVIII. CAL.—40

property" as required by law, and that said affidavit had been filed with the tax collector. The plaintiff also offered in evidence this affidavit and a copy of the notice served by him annexed thereto. The affidavit states: "That on the fourteenth day of March, 1890, he personally served upon William N. Gott, the lessee of the said property, a written notice, of which the foregoing is a copy, by delivering said notice to William N. Gott, in said county." The court then permitted plaintiff to show, against the objections of the defendant, that at the time the notice was served Gott was occupying the mining claim under a lease from the Empire Bar Mining Company.

Section 3785 of the Political Code requires the purchaser at a tax sale to "serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice" containing certain statements, and declares that "no deed of the property sold at a delinquent tax sale shall be issued by the tax collector, or any other officer, to the purchaser of such property until after such purchaser shall have filed with such tax collector, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit shall be filed and preserved by the tax collector as other files, papers, and records kept by him in his office." This provision is a limitation upon the power of the tax collector to issue such deed, and renders void any deed issued by him without requiring a compliance with the provision. The affidavit is the basis upon which the tax collector is to act, and the conditions upon which his power to issue the deed arises must appear by the affidavit. In the language of the section, he cannot issue a deed until after the purchaser shall have filed with him an affidavit "showing that the notice herein required to be given has been given, as herein required." If the affidavit shows that the notice was served upon any person other than the one to whom the property was assessed, it must also show that the person so served was one upon whom the purchaser was authorized to serve the notice.

If the service is not made upon the owner, it must be posted upon the property if it is unoccupied; or, if it is occupied, it must be served upon the person occupying it. It is incumbent, then, upon the purchaser to show by his affidavit whether the

property was occupied or unoccupied, and, if occupied, that the person upon whom the notice was served was at the time occupying it. The tax collector may have personal knowledge that the person upon whom the notice was served was occupying the property, but such knowledge is insufficient to authorize him to issue the deed. The fact must be made to appear by the affidavit, which is to be filed and form a part of the records of his office. The legislature has made this record essential to the transfer of the title to the purchaser, and parol evidence cannot be substituted for the record thus required. In *Hall v. Capps*, 107 Cal. 513, it was held incompetent to show by parol evidence that the premises were unoccupied, and that under an affidavit which showed that the notice had been posted upon the property, without also showing that it was at the time unoccupied, the tax collector had no power to issue the deed, saying: "His power comes not alone from the existence of the facts, but from the proof of their existence, made in the manner specified in the statute, and the mode becomes the measure of his power." As was said in that case, so in the present case may it be said that the very fact stated in the affidavit may be true, and yet the land may have been unoccupied, or the service may not have been made upon the person who was occupying the land. It did not follow, even if Gott were the *lessee* of the property, that he was occupying it, or that it was occupied by anyone; and, as the tax collector could look only to this affidavit for his authority, the recital in his deed that the affidavit showed that the notice had been served upon the occupant was unauthorized, and was overcome by the production of the affidavit itself.

The statement in the notice to redeem, that three dollars would be due for the notice, did not impair its sufficiency. The notice did not purport to state that this was a portion of the "amount then due," as was the case of *Reed v. Lyon*, 96 Cal. 501.

As the judgment must be reversed for the errors in receiving the tax deed and affidavit in evidence, it is unnecessary to consider the other errors which are assigned, as upon a new trial they may not arise or may be obviated.

The judgment and order denying a new trial are reversed and a new trial granted.

Van Fleet, J., concurred.

BEATTY, C. J., concurring.—I concur upon the ground that the affidavit did not show a proper service of the notice to redeem.