[Civ. No. 364. Third Appellate District.—May 1, 1907.]

## J. W. PRESTON, Respondent, v. MAURICE HIRSCH, Appellant.

ACTION TO QUIET TITLE—EVIDENCE—UNITED STATES PATENT—RECORD OF CERTIFIED COPY—RECORDER'S COPY.—In an action to quiet title, where plaintiff deraigns title under a patent from the United States, a copy of which, certified by the commissioner of the general land office, was recorded in the proper county, the record of such copy has, under section 1160 of the Civil Code, *prima facie*, the same force and effect as the original for title or for evidence ''until the original letters patent be recorded,'' and under section 1833 of the Code of Civil Procedure, the copy of such record certified by the recording officer is *prima facie* evidence.

ID.—TAX TITLE—OBJECTIONS TO EVIDENCE—RESERVATION OF RULINGS BY COURT—REASONS NOT STATED.—Where the defendant relied upon a tax title derived from the state, objections to the introduction of which were formally stated, and the defendant had full opportunity to answer them, and rulings thereupon were reserved with the consent of both parties, it cannot be held that the defendant was prejudiced by the final ruling excluding the title without stating the reasons for such ruling.

ID.—INVALID CERTIFICATE OF SALE—FAILURE TO RECITE YEARS OF ASSESSMENT—VOID DEED.—Under section 3776 of the Political Code requiring a certificate of sale by a tax collector to the state for delinquent assessment to recite the year of the assessment, a certificate which recites that the property was assessed in the year 18— is void and a deed issued thereunder to the state conveyed no title.

ID.—RECITAL OF YEAR IN CAPTION.—The recital of the year in the cap-
tion of the certificate is immaterial. The caption is no part of the
certificate to which the tax collector certified, and cannot be referred
to in aid of the certificate in a matter required by the statute to
appear therein.

ID.—PROCEEDINGS ON TAX SALE IN INVITUM—STRICT PURSUIT OF STAT-
UTES.—Proceedings on tax sale are *in invitum,* and to be valid must
be *stricti juris.* The power exercised is purely statutory, and the
steps directed by the statute must be strictly pursued.

APPEAL from a judgment of the Superior Court of Men-
docino County. J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. L. McNab, for Appellant.

J. W. Preston, for Respondent.

CHIPMAN, P. J.—Action to quiet title. Plaintiff had
judgment, from which defendant appeals on bill of exceptions.

Plaintiff deraigns title from the government by patent to
his immediate predecessor and a deed from the patentee to
him. Appellant relies wholly upon his tax title. The levy
was made for the year 1890-91. It was stipulated by counsel
for plaintiff that the assessment, for which the attempted sale
was made, was regular, and that all proceedings in relation to
the delinquent tax list were duly and regularly done and
made, and also all proceedings in regard to said levy, assess-
ments and delinquency were regular up to the time of the is-
suance of the tax collector's certificate of sale of the same.
Defendant thereupon offered in evidence the following records
in the order named: 1. The tax collector's certificate of sale
to the state; 2. His deed to the state; 3. The controller's
notice to the tax collector directing the sale of the property
at auction; 4. Affidavit of publication of controller's notice;
5. The deed by the tax collector to defendant. Plaintiff ob-
jected to the certificate of sale as irrelevant, incompetent and
immaterial because not a certificate under the law. Particu-
larly it was objected that no money was paid by anyone at
the sale or at the date of the sale as required by section 3776
of the Political Code as it read in 1890 and 1891; also, that
the certificate does not state the year of the assessment, but

leaves the date blank, as it reads: "Said property was assessed in the year 18—, . . . to T. Barnhart," etc., also, that the law then in force did not provide for the payment of any money and no money was paid, and hence no valid certificate could be made because the prerequisite facts as contained in the statute were not and could not be complied with. It was agreed "between the court and counsel that the final admissibility of said certificate should be argued in briefs to be submitted in court," and the evidence went in subject to the future ruling of the court. Defendant next offered in evidence the tax collector's deed. Plaintiff objected to its introduction on the grounds: 1. That it had not been shown either by the deed or other evidence that the thirty days' notice required to be given by the purchaser to the party on whose land the taxes have been assessed, as required by section 3785 of the Political Code as amended in 1891, has been given; 2. That no proof has been made that any notice of any kind has been served as required by said section 3785; 3. That the deed does not recite what the certificate of sale recites as to the time when the state would be entitled to a deed; i. e., "the date when the state would be entitled to a deed and the date of the certificate of sale are not one and the same as stated in the deed"; 4. The language of the certificate and in the deed is not the same and does not mean the same; in short, "the language of the deed is that the state would be entitled to a deed the very day the certificate is dated"; 5. "The deed does not recite the facts contained in the certificate which the Political Code, section 3786, required." The court reserved its ruling as before. The authorization for the sale issued by the controller was admitted to have been filed January 2, 1903, and in due form. The affidavit of publication of notice of sale was objected to on the ground that it does not contain a correct estimate of the minimum price at which the land must be sold, as required by section 3897 of the Political Code; that the auditor neglected to include in his estimate what are called penalties, and hence the amount at which the land was advertised to be sold was too small to comply with the provisions of said section. The ruling of the court was reserved as in the preceding offers. No point was made that the authorization of the controller, after being received, was not published. The

deed of the tax collector to defendant was then offered in evidence, to which plaintiff objected on the grounds: 1. That there is no certificate of sale to support the deed to the state; that there was no notice given as required by section 3785; that the deed could not recite the facts as contained in the certificate "because no such deed or certificate was validly in existence"; 2. That the deed purported to recite that the certificate of sale stated the land to have been assessed in the year 1890, whereas the certificate does not recite that fact; 3. That the deed states the purchase price less than the amount of the delinquent taxes, costs, penalties and accrued expenses, as required by section 3897.

1. At the close of the evidence the cause was submitted, and thereafter the court, in making its decision, sustained the reserved objections without giving any reason in support of its ruling. Defendant claims that this was prejudicial error. (Citing *Mayo* v. *Marzeaux*, 38 Cal. 445, and *Martin* v. *Lloyd*, 94 Cal. 204, [29 Pac. 491].) In these cases the supreme court strongly condemns the practice of suspending the rulings upon evidence, and especially advises that where the evidence is rejected at some subsequent period in the trial it is the duty of the court to give its reasons for the ruling. (*Raymond* v. *Glover*, 122 Cal. 471, [55 Pac. 398].) A case might be presented where the postponement of the decision would deprive the losing party of the opportunity to supply the evidence through unobjectionable means, and if this should clearly appear the ruling might be prejudicial error, if an early and timely ruling had been requested and denied. In the present instance, however, the objections were specific, and defendant was fully apprised of the grounds, and presumably counsel had the opportunity to place their views touching the objection before the court. Furthermore, the evidence was matter of official record, and could be supplied in no other way than that resorted to. Defendant could not, therefore, have been injured by the delay in ruling upon the evidence. It may be added that reserved rulings are generally reserved with the consent of both parties, which was the case here, and no court would decline to make rulings whenever it was shown to it that further delay might prejudice the rights of one or both of the parties. It is quite unusual for trial courts to state their reasons for rulings in admitting or

refusing evidence; and the instance would have to be peculiarly exceptional where, of the omission to give a reason for a ruling, prejudicial error could be predicated.

2. Plaintiff offered in evidence a certified copy of a copy of a United States patent to George Lynch, plaintiff's grantor. Defendant objected to its introduction upon various grounds, among them that there was no showing that the original could not be produced. It appears that a copy of the patent duly certified to be such copy by the commissioner of the general land office was recorded in the county of Mendocino on September 24, 1903. The document offered in evidence was a copy of this record duly certified by the county recorder. The copy of the patent thus recorded "shall have *prima facie* the same force and effect as the original, for title or for evidence, until said original letters patent be recorded." (Civ. Code, sec. 1160.) The copy of this record certified by the recording officer is *prima facie* evidence. (Code Civ. Proc., sec. 1833.) The document was properly admitted in evidence.

3. The objections made to the certificate of sale have already been stated. It is well settled that proceedings on tax sale are *in invitum,* and to be valid must be *stricti juris.* The power exercised is purely statutory, and the steps directed by the statute must be strictly pursued. (*People* v. *Central Pacific R. R. Co.,* 83 Cal. 393, 398, [26 Pac. 303].) It was held in *Simmons* v. *McCarthy,* 118 Cal. 622, [50 Pac. 761], that under section 3786 of the Political Code, requiring a tax deed to recite the matters recited in the certificate of sale, and section 3776, requiring the certificate of sale to state "the name of the person assessed, the description of the land sold, the amount paid therefor, and that it was sold for taxes, giving the amount and the year of the assessment, and specifying the time when the purchaser will be entitled to a deed," a tax deed reciting that the property was assessed "in the year 188—, for the year 1888 and 1889," is void for failure to state the year of the assessment. It was also held that such a deed cannot be aided by reference to the certificate of sale; also that the amount of the taxes and subsequent charges must be correctly stated. The same would be true of the certificate of sale in so far as the statute prescribed what must appear therein. The body of the certificate failed to state the year for which the property was assessed. Ap-

pellant claims that this omission is supplied by the caption of the certificate. It reads: "18——. No. 203. No. ——, Book ——, Page ——, Sub ——. Certificate of Sale of Real Estate. Sold for the Non-Payment of State and County Taxes for the year 1890." Then follows the formal certificate, reading:

"State of California, County of Mendocino—ss. I, J. M. Standley, Tax Collector," etc.

The caption is no part of the certificate to which the tax collector certified, and cannot be referred to in aid of the certificate in a matter required by statute to appear therein. Nor was the omission of the year a mere clerical misprision to be avoided as an irregularity by section 3885 of the Political Code, as claimed by appellant. It is also contended that the certificate transferred the title subject only to defeasance by redemption (*Teralta L. Co.* v. *Shaffer*, 116 Cal. 518, [58 Am. St. Rep. 194, 48 Pac. 613]), and redemption was never made; and that plaintiff cannot have his title made clear when the evidence shows that he has been devested of title. (Citing *Peterson* v. *Gibbs*, 147 Cal. 1, [109 Am. St. Rep. 107, 81 Pac. 121].) Finally, that plaintiff cannot have his title quieted while in default in the payment of his taxes; that he must come into court with clean hands or go out empty-handed. The answer to these various contentions is: First, that the certificate being fatally defective conveyed no title, and, secondly, the action is not against the state nor does it in any wise affect the rights of the state. The maxim of equity invoked by appellant is not open to him in this case.

4. Appellant has, with commendable consideration, called our attention to the case of *Johnson, Administrator,* v. *Mc-Namara et al.* (not yet reported or published in California decisions), holding adversely to appellant's contention as to the validity of the tax deed. This concession renders further examination of the case unnecessary.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.