[L. A. No. 3648.   Department One.—July 14, 1916.]

OSCAR L. HINDS, Appellant, v. F. M. CLARK, Respondent.

QUIETING TITLE—PLEADING BY DEFENDANT—EVIDENCE—TITLE BASED ON SALE FOR MUNICIPAL TAXES.—A defendant in an action to quiet title, who relies upon a title acquired under a sale for delinquent municipal taxes, may introduce in evidence, under a mere denial of the plaintiff's title and without specifically pleading them, the ordinance regulating the assessment of property in the municipality, the certificate of sale for the delinquent taxes, and the tax deeds.

ID.—TAXATION—VOID CERTIFICATE OF SALE—ERRONEOUS STATEMENT OF TIME FOR ISSUANCE OF DEED—ANNULMENT OF SUBSEQUENT PROCEEDINGS.—The failure of a certificate of sale for delinquent municipal taxes of the city of Bakersfield to correctly state the time "when the city will be entitled to a deed," as was required by a city ordinance,—the defect consisting in fixing the date one day too soon, by making it coincide with the date on which the right of redemption would expire,—renders the certificate void, and annuls the subsequent proceedings.

ID.—STATUTORY REQUIREMENTS AS TO FORM OF DEED.—Where the statute prescribes the particular form of tax deed, the form becomes substance, and must be strictly pursued, and the courts cannot inquire whether the required recitals are of material facts or otherwise.

ID.—QUIETING TITLE AGAINST DEFECTIVE CERTIFICATE OF SALE—LAPSE OF PERIOD OF REDEMPTION.—In an action by the owner to quiet his title against a person claiming under such a defective certificate of sale, it is immaterial that several years elapsed after the expiration of the period of redemption and before the plaintiff commenced the action.

ID.—NOTICE OF SALE—PLACE OF SALE DESIGNATED AS "CITY HALL."—Where a municipal ordinance of a city of the fifth class required notice of the sale of property for delinquent taxes to be published, and that the place of sale should be "at the City Hall," a notice designating the "City Hall" as the place of sale, without further particularization, cannot be held indefinite or uncertain as matter of law.

APPEAL from a judgment of the Superior Court of Kern County, and from an order refusing a new trial.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

CLXXIII Cal.—4

C. E. Arnold, for Appellant.

George E. Whitaker, and T. N. Harvey, for Respondent.

LAWLOR, J.—The plaintiff brought this action to quiet title to a parcel of land situated in the city of Bakersfield, in Kern County. The case was tried by the court, a jury having been waived. Judgment was rendered for the defendant decreeing that plaintiff had no interest in the land and that the defendant was the owner thereof. The plaintiff appeals from the judgment and from the order denying his motion for a new trial.

The complaint is in the usual form, and alleges the ownership and title of the plaintiff in the land, his continuous possession thereof until four years prior to the commencement of the action, and that the defendant claims some lien, title, right, or interest therein adverse to that of the plaintiff. The defendant in his answer denied all the allegations of the complaint except as to his adverse claim, which he admitted, but denied that such claim was without any right or title. At the trial plaintiff proved that on October 16, 1889, Ida K. Hinds became the owner in fee simple of the property by a conveyance from one Tracy, and that she conveyed the property to plaintiff on January 27, 1903. The defendant then introduced in evidence an ordinance regulating the assessment of property in the city of Bakersfield and the collection of taxes thereon; a certificate of sale to the city for the nonpayment of the taxes for the year 1898 upon the land described in the complaint; a deed conveying the land to the city in pursuance of the provisions of the ordinance and bearing date, October 14, 1908; a deed, dated February 3, 1909, from the city to one Wilson, and a grant, bargain, and sale deed in usual form from Wilson conveying the land to defendant Clark. The court found that the defendant was the absolute owner and entitled to the possession of the described property, and that plaintiff was not such owner, and made no other findings.

1. The appellant contends that the court erred in admitting in evidence the city ordinance, tax deeds, and certificate of sale, for the reason that they were not specially pleaded. But this contention is without merit. It is well settled that in an action to quiet title the defendant may always effectually resist a decree against himself by simply showing that the plain-

tiff is without title. (*Sears* v. *Willard,* 165 Cal. 12, [130 Pac. 869] ; *Williams* v. *City of San Pedro et al.,* 153 Cal. 44, [94 Pac. 234] ; *Hart* v. *All Persons etc.,* 26 Cal. App. 664, [148 Pac. 236] ; *Rogers* v. *Clark Iron Co.,* 104 Minn. 198, [116 N. W. 739].) The denial of the allegations of the complaint placed the plaintiff's title in issue, and it was proper for the defendant, in order to negative such title, to introduce in evidence the city ordinance, and to attempt to show by means of the tax deeds, certificate of sale, and other evidence that in pursuance of such ordinance plaintiff had been completely divested of title.

2. The plaintiff's property was sold to the city on December 28, 1898. The certificate of the city treasurer, after reciting the date of the sale, contains the following statement: "And I further certify that the said real estate last aforesaid was sold for taxes and subject to redemption pursuant to the statute and ordinances in such cases made and provided, and unless the said real estate is redeemed within five years from the date of sale to said City, the purchaser thereof will be entitled to a deed thereto on the 28th day of December, 1903." It is provided in section 71 of the ordinance (Ord. No. 9, of the City of Bakersfield, passed March 4, 1898, contained on p. 43 of Bk. of Ord.), which follows substantially the provisions of the Political Code (Pol. Code, sec. 3776) that the certificate of sale shall specify "when the city will be entitled to a deed." Other provisions of the ordinance declare, however, that the city shall not be entitled to a deed to the land until after the five year period for the redemption of the property by the owner has expired. (Ord., etc., secs. 73, 75. See Pol. Code, secs. 3780, 3785.) In this case, it must be conceded that the period of redemption could not have expired until after the last minute of the twenty-eighth day of December, 1903—the end of the five years following the day of the sale. Regarding the form of the deed the ordinance provides that it must contain a statement of "the time when the right of redemption had expired" (Ord., etc., sec. 75. See Pol. Code, sec. 3785, before it was amended in 1911 [Stats. 1911, p. 1102]), and also declares that "the matters recited in the certificate of sale must be recited in the deed." (Ord., etc., sec. 76. See Pol. Code, sec. 3786, before it was amended in 1911 [Stats. 1911, p. 1102].) That is to say, the deed must not only specify the time when the right of redemption did expire, but must recite

the matter appearing in the certificate as to when the purchaser would be entitled to a deed. Of course, these events cannot occur on the same day. In attempting to comply with these provisions of the ordinance, it is recited in the tax deed: "The certificate of sale stated that unless the said real estate was redeemed within five years from the date of the sale to the said City, the purchaser thereof would be entitled to a deed thereof, on the *29th day of December, 1903;* that said certificate bears date the 28th day of December, 1898; the day of said sale; And whereas, the time to wit: five years, for redeeming said property, expired on the 28th day of December, 1903." (Italics are ours.) The appellant contends that in thus correcting the error in the date appearing in the certificate the deed contains a false recital, and, in line with our decisions, such error must be regarded as fatal to the validity of the tax title. (See *Hughes* v. *Cannedy*, 92 Cal. 382, [28 Pac. 573] ; *Simmons* v. *McCarthy*, 118 Cal. 622, [50 Pac. 761].)͏ But we do not find it necessary to consider whether the latter discrepancy is error, or if so, whether it is fatal to the defendant's alleged title to the land, as we are satisfied that the failure to correctly state in the certificate the time "when the city will be entitled to a deed" renders the certificate void, and annuls the subsequent proceedings.

3. It has been frequently reiterated that "where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise." (*Henderson etc.* v. *De Turk*, 164 Cal. 296, [128 Pac. 747;] *Baird* v. *Monroe*, 150 Cal. 560, 564, [89 Pac. 352] ; *Preston* v. *Hirsch*, 5 Cal. App. 485, [90 Pac. 965] ; *Simmons* v. *McCarthy*, 118 Cal. 622, [50 Pac. 761]. See, also, *Jordan* v. *Beale*, 172 Cal. 226, [155 Pac. 990].) The identical question before us was presented in *Stanton* v. *Hotchkiss*, 157 Cal. 652, [108 Pac. 864], but, although error was conceded by the counsel, it was held to have been cured by the Curative Act of 1903 (Stats. 1903, p. 63), the purpose of which was to confirm, validate, and legalize certain tax deeds executed to the state. In other cases where the question was involved, substantially the same conclusions were reached. (*Baird* v. *Monroe*, 150 Cal. 560, [89 Pac. 352] ; *Fox* v. *Townsend*, 152 Cal. 51, [91 Pac. 1004, 1007] ; *Bank. of Lemoore* v. *Fulgham*, 151 Cal. 234, 239, [90 Pac. 936] ; *Carter* v. *Osborn*,

150 Cal. 620, [89 Pac. 608].) It is suggested in these cases, however, but for the Curative Act such errors would render the tax proceedings defective, for "it is well settled that proceedings on tax sales are *in invitum,* and to be valid must be *stricti juris.*" (*Preston* v. *Hirsch,* 5 Cal. App. 485, [90 Pac. 965].) It has been said that notwithstanding these requirements of the law could not apparently "be of any substantial benefit to the property owner," the tax deed must be held void, even though the ruling appear to be extremely technical. (*Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352].) But the error under consideration does seem to be material. It is declared in *Bruschi* v. *Cooper et al.,* 30 Cal. App. 682, 694, [159 Pac. 728] : "One of the objects of the certificate doubtless is to give notice to the owner of the date of the sale and to inform him when the purchaser will be entitled to a deed, i. e., inform him of the period of redemption." This purpose further appears from the fact that the ordinance expressly provides for the recordation of the certificate. (Ord., etc., sec. 72.) The respondent contends, however, that the recital in the certificate could not have misled the owner, as it specified that the purchaser would be entitled to a deed five years from the date of the sale (which is set forth correctly), unless sooner redeemed. Had the recital stopped at that point, there would have been no error under the ruling of *Best* v. *Wohlford,* 153 Cal. 17, [94 Pac. 98]. But it went on and declared the said time to be precisely the twenty-eighth day of December, 1903. We cannot agree with the respondent that the giving of the date itself may be regarded as "mere surplusage."

Considering this recital as of the time the certificate was given, it tends to inform the owner that the five year period for the redemption of the property expires on December 27, 1903, and that the following day the purchaser shall be entitled to a deed. In effect, it gives notice that the period of redemption commences to run with the day of the sale contrary to the general provisions of the law. (Civ. Code, sec. 10; Code Civ. Proc., sec. 12.) To refer again to *Baird* v. *Monroe,* where a similar question was carefully considered although not expressly decided: "The legislature has seen fit, however, to require that the time shall be expressly stated in the deed, and that nothing in that regard shall be left to be determined from one's knowledge of the law." We do not find that the

cases relied upon by the respondent are opposed to this ruling. In *Rollins* v. *Woodman,* 117 Cal. 516, [49 Pac. 455], the time when the right of the purchaser to the deed became fixed was correctly given as the day following the time when the period of redemption expired. The case is authority for the point that it is immaterial that the day as specified happened to fall upon a Sunday. *Deets* v. *Hall,* 163 Cal. 249, [124 Pac. 1007], merely decides that it was not error to specify the time when the right of redemption expired as being one day later than the correct day, as the date designated in that instance "was perfectly correct in that it named a date after the redemption had in fact expired," while the concurring opinion points out that the correct time "was at the infinitely small space of time between the two days." But to state that the purchaser shall be entitled to a deed at any time on the day preceding the correct day is to shorten the period of redemption to that extent and thus cause prejudice to the rights of the owner. In this connection we do not regard it as material that several years elapsed after the expiration of the period of redemption and before the plaintiff commenced this suit to quiet his title.

4. There is one other point which should be mentioned. Section 67 of the ordinance requires that notice of the sale of property for delinquent taxes be published and that "the publication must designate the day and hour when the property will, by operation of law, be sold to the city . . . and the place shall be at the City Hall." The certificate of sale recites that the publication "did designate the place of said sale, which place so designated was at the City Hall of the said City of Bakersfield." But it is urged by the appellant "that the notice of the *place* of the sale as simply *City Hall* is an insufficient designation of the place of sale." "From the notice," it is reasoned, "one would not be apprised . . . whether the sale would be made in the City Hall, or in what particular part of it, or whether it would be made in front of it, or at its back or on either side." It is manifestly the purpose of the law, in requiring notice of the sale to be published, to furnish definite information as to the precise location where it will be held. In this way the owner has notice where to go in order to arrest the sale by the payment of the taxes, and other interested persons are given full opportunity to participate in the sale. (2 Cooley on Taxation, 3d ed., p. 938; 1 Blackwell on Tax Titles, 5th ed., sec. 501.) But it cannot

be said, as matter of law, that the designation of the City Hall as the place of sale was indefinite or uncertain. The sufficiency of the notice, in this regard, must depend upon the circumstances of each case. No evidence was offered herein descriptive of the City Hall building. For aught that appears, at the time of the sale it may have consisted of a single room in a one-story structure of limited dimensions. If that were so, clearly the notice would have been sufficient. It is shown by the record that in 1898, the year of the sale, the city of Bakersfield was organized as a municipal corporation of the fifth class. The United States census shows that Bakersfield had a population in 1890 of 2,626. Possibly the population, when the sale was made eight years later, did not exceed three thousand—the minimum population required for cities of the fifth class by the Municipal Corporation Act. (Stats. 1897, p. 421.) But we cannot hold that notice of the sale to take place at the City Hall of such a municipality was not sufficiently definite to meet the purposes and requirements of the statute.

Since it must, for the reasons given, be held that the certificate of sale to the city is fatally defective, thereby rendering the deed invalid, it will not, therefore, be necessary to consider the numerous objections made by the appellant to the deed from the city to Wilson touching the absence of proper recitals and the failure, in essential particulars, to otherwise comply with the provisions of the ordinance.

Judgment and order reversed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.