[Civ. No. 2885. Second Appellate District, Division Two.—April 28, 1919.]

## JULIA P. WARDEN, Appellant, v. BITTLESON LAW AND COLLECTION AGENCY et al., Respondents.

[1] STREET LAW—REDEMPTION FROM SALE—DURATION OF RIGHT.—The right of redemption from a tax sale, or from a sale under the Street Improvement Act, continues in the owner indefinitely until notice of redemption is given and a deed executed in accordance with the provisions of the statute.

[2] ID.—NOTICE OF REDEMPTION—PERSONAL SERVICE.—The service of notice of redemption upon the owner, as provided by section 17 of the Street Improvement Act (Stats. 1909, p. 1051), means personal service.

[3] ID.—STRICT COMPLIANCE WITH STATUTE ESSENTIAL—WANT OF INJURY IMMATERIAL.—Assessments for street improvements, like tax proceedings, are *in invitum*, and where the statute prescribes the notice which is to divest the owner of his title, that notice must be given. It is never a question whether, by reason of some omission, the owner has been injured or misled, but whether there has been a compliance with everything the law makes a condition precedent to the right to a deed.

[4] ID.—LANDS HELD IN CO-OWNERSHIP — ASSESSMENT AND SALE.— Under the Street Improvement Act the undivided interest of each co-owner is neither assessed nor sold separately, but each parcel of land is assessed and sold *in solido*.

[5] ID.—REDEMPTION BY TENANT IN COMMON.—A redemption by a tenant in common is a redemption of the entire estate, and not merely of his undivided interest, though he doubtless would have a claim

41 Cal. App.,—1      (1)

against his cotenants for reimbursement to the extent of their proportionate shares.

[6] ID.—TERMINATION OF RIGHT OF REDEMPTION OF CO-OWNERS.—The purchaser at a tax sale cannot proceed by "piecemeal" to cut off the right of redemption of each part owner. If the whole estate be owned in common by two or more as cotenants, and if any of them retains the right to redeem, all may redeem.

[7] ID.—APPLICATION FOR DEED—CERTAINTY OF NOTICE.—A notice of redemption must fix a definite and certain time when the purchaser will apply to the tax collector for a deed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Catherine A. McKenna and J. Irving McKenna for Appellant.

Duke Stone for Respondents.

FINLAYSON, P. J.—Plaintiff sued to quiet title to a parcel of land in the city of Los Angeles, claimed by her by reason of an assessment sale under the Street Improvement Act of 1909. (Stats. 1909, p. 1042.) Defendants recovered judgment; plaintiff appeals. The appeal presents for our consideration the sufficiency of certain notices of redemption.

Defendants Robert H. Punter and Rebecca Punter were owners of the land as tenants in common. On March 19, 1914, they mortgaged the property to defendant Krug. Pursuant to a decree foreclosing the mortgage, Krug purchased the property at sheriff's sale on July 20, 1915, and on July 27, 1915, recorded the sheriff's certificate of sale. On August 5, 1914, which was subsequent to the mortgage to Krug but prior to the foreclosure sale thereunder, the city tax and license collector, pursuant to the provisions of the Street Improvement Act, sold the property to plaintiff for a delinquent assessment levied to pay for certain street improvements. Thereupon the tax and license collector delivered to plaintiff a certificate of sale, as provided by the act. On July 7, 1915, which was shortly prior to the expiration of the time allowed by law to the co-owners for redemption from the foreclosure sale to Krug, plaintiff caused to be served upon defendant

Rebecca Punter, one of the two co-owners, a notice that "on the seventh day of August, 1915, *or thereafter,* unless sooner redeemed, application will be made . . . to the city tax and license collector . . . for a deed." This notice was not served on the other co-owner, Robert H. Punter, but thereafter, on July 29, 1915, plaintiff did cause a notice of redemption to be served upon Robert. The notice so served on Robert Punter set forth that "on the thirty-first day of August, 1915, *or thereafter,* unless sooner redeemed, application will be made . . . to the city tax and license collector . . . for a deed." Though served upon Robert, this notice was not served upon Rebecca Punter. No notice to redeem from the street assessment sale to plaintiff was served on Krug, the mortgagee and purchaser at the foreclosure sale. On September 1, 1915, the city tax and license collector executed a deed to plaintiff. Claiming to be the owner under this deed, plaintiff brought this action to quiet her title. We think the notices of redemption that plaintiff caused to be served upon Robert and Rebecca were insufficient, and that plaintiff has only that which she acquired under the assessment sale to her on August 5, 1915, i. e., "the lien of the assessment," as provided by section 15 of the act. (Stats. 1909, p. 1051.)

[1] The right of redemption from a tax sale, or from a sale under a Street Improvement Act, such as is here under consideration, continues in the owner indefinitely until notice of redemption is given and a deed executed in accordance with the provisions of the statute. By section 17 of the Street Improvement Act (Stats. 1909, p. 1051), it is provided that "at any time after the expiration of twelve months from the date of sale, the tax collector must execute to the purchaser, . . . if such purchaser . . . has complied with the provisions of this section, a deed of the property sold. . . . The purchaser . . . must at least thirty days before he applies for a deed, serve upon the *owner* of the property, and upon the occupant of such property, if the same is occupied, a written notice, setting forth . . . *the time when such purchaser . . . will apply to the tax collector for a deed."* [2] The service of notice upon the owner, as provided by the act, means personal service. "When a statute requires service on a person *it means personal service,* unless some other service is specified or indicated." (*McDermont* v. *Board of Police,* 25 Barb. (N. Y.) 647.) [3] Assessments for street improvements,

like tax proceedings, are *in invitum,* and where the statute prescribes the notice which is to divest the owner of his title, that notice must be given. None other will suffice. A court will not be justified in saying that some other kind of notice would be equally effective. The express requirements of the statute cannot be avoided on the ground that they serve no useful purpose. It is never a question whether, by reason of some omission, the owner has been injured or misled, but whether there has been a compliance with everything the law makes a condition precedent to the right to a deed.

[4] Under the statute the undivided interest of each co-owner is neither assessed nor sold separately. Each parcel of land is assessed and sold *in solido.* Each parcel must be sold to the person who will take the least quantity of land and pay the amount of the assessment, penalty, and costs due, including fifty cents for the certificate of sale. (Stats. 1909, p. 1050, sec. 14.) At any time before the expiration of one year from the date of the sale the parcel sold may be redeemed by "any party in interest." (Section 16.) The party so redeeming must pay to the tax collector the full amount for which the property was sold, and in addition thereto a penalty of ten per cent, if redeemed within six months, or twenty-five per cent if redeemed within twelve months. (Section 16.) It will thus be seen that, though a co-owner, as a "party in interest," may redeem, still he must pay the same amount that would be paid by a sole owner were the land owned in severalty. [5] A redemption by a tenant in common is a redemption of the entire estate, and not merely of his undivided interest, though he doubtless would have a claim against his cotenants for reimbursement to the extent of their proportionate shares.

[6] If a co-owner cannot proceed by "piecemeal" to effect redemption—and he cannot—the converse is equally true, and a purchaser at the tax sale cannot proceed by "piecemeal" to cut off the right of redemption of each part owner. The statute contemplates but one sale of the parcel sold, and but one redemption—a sale of the whole estate in its entirety and a redemption, if any be made, of the estate in its entirety. So that, if the whole estate be owned in common by two or more as cotenants, and if any one of them retains the right to redeem—his right of redemption not having been cut off by a sufficient notice—all may redeem.

That is, until the purchaser has complied with the statute as to all the co-owners, the right of redemption remains to all—to those actually served with notice as well as to those not served.   (*White* v. *Shaw*, 150 Mich. 270, [114 N. W. 210].)

[7]   A notice of redemption must "set forth," that is, *fix*, "the time when the purchaser will apply to the tax collector for a deed." The time fixed must be definite and certain. A notice that at an indefinite time the purchaser will apply for a deed fixes no time when the right to redeem will expire. (*California & N. Ry. Co.* v. *Mecartney*, 104 Cal. 621, [38 Pac. 448.].)

Tested by these principles, it must be held that the right of redemption of the co-owners, Robert H. Punter and Rebecca Punter, has not been cut off. If the first notice—the notice served on Rebecca Punter—be regarded as superseded by the second—that served on Robert—then the case stands as though Rebecca Punter had never been served with any notice. And if all co-owners are not served with notice, the time for redemption remains for all. If the first notice be regarded as not superseded by the second, then the two notices must be read together, just as though they were contained in one document. So considered, the notices are in irreconcilable conflict—one giving notice that redemption might be made at any time on or after August 7th, and the other that redemption might be made at any time on or after August 31st. Such a notice does not set forth or fix "*the* time" when the purchaser will apply for a deed. A notice so indefinite is no notice at all. This conclusion makes it unnecessary to consider whether notice should have been served upon Krug, the purchaser at the foreclosure sale.

If the foregoing is the only fatal objection to plaintiff's title—and our attention has not been called to any other—then, though appellant has not become the owner of the property, she is, nevertheless, still left with the lien of the assessment. Upon filing the copy of the certificate of sale in the tax collector's office, "the lien of the assessment shall vest in the purchaser and is only divested by a redemption of the property as in this act provided." (Section 15.) Had the judgment of the trial court simply adjudged that plaintiff is not the owner, an affirmance of the judgment, under the views above set forth, would be in order. But defendants, in their answer, pray for affirmative relief. In compliance

with their prayer for such relief, the judgment adjudges defendant Krug to be the owner by virtue of the sheriff's certificate of sale issued to him upon the foreclosure sale, and defendants Robert and Rebecca Punter to/ be entitled to redeem from such sale to Krug. In granting affirmative relief to defendants, the trial court should have adjudged that any title that is in Krug, as purchaser at the sheriff's sale, or in Robert and Rebecca Punter, as the original co-owners, is subject and subordinate to plaintiff's lien of assessment, vested in her by reason of the tax collector's sale of the property to her to pay the delinquent street assessment. The findings do not find any fact upon which such a judgment may rest. On the contrary, the court found that "it is not true that plaintiff acquired an interest in said property by reason of a sale by the city tax and license collector." For these reasons the case must be sent back for a new trial.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1919.

Angellotti, C. J., Shaw, J., Wilbur, J., and Olney, J., being all the Justices present, concurred.