[Civ. No. 3024. Second Appellate District, Division Two.—February 4, 1920.]

A. COLKINS, Appellant, v. MARY E. DOOLITTLE et al., Respondents.

[1] MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS AT EXPENSE OF PROPERTY OWNERS — PRIMA FACIE CHARACTER OF DEEDS EXECUTED—QUIETING TITLE—EVIDENCE.—By the provisions of the Park and Playground Act of 1909, the Street Improvement Act of 1909, and the Street Opening Act of 1903, a deed executed pursuant thereto is made "*prima facie* evidence of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee," and in an action by the grantee to quiet title, unless the defendant's evidence impeaches the deed, or the regularity of the proceedings pursuant to which it was executed, the admission in evidence thereof entitles the plaintiff to a decree in his favor.

[2] ID.—NOTICE TO REDEEM—INCLUSION OF IMPROPER ITEM—SUBSEQUENT DEED INEFFECTIVE.—Where a thirty-days' notice to redeem given under such acts includes in the sum necessary to effect a redemption the three dollars that the statute requires to be paid by the redemptioner for serving such notice and making affidavit

thereof, such notice is ineffective, and the deed given thereunder conveys no title.

[3] ID.—QUIETING TITLE—RIGHTS OF GRANTEE AND OF OWNER OF LEGAL TITLE.—Although the grantee under such deeds does not acquire the legal title to the property and cannot, therefore, maintain a suit to quiet title against the owner of the legal title, if such action is brought, the owner of the legal title is not entitled, by cross-action, to have his title quieted as against the plaintiff's claim, until such owner of the legal title shall have redeemed his lot from the lien created by the proceedings pursuant to which plaintiff obtained the void.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

James Brunken for Appellant.

James R. Jaffray and Chas. J. Conner for Respondents.

FINLAYSON, P. J.—Plaintiff brought this action to quiet title to certain lots in the city of Los Angeles. Defendants recovered judgment in their favor, and plaintiff appeals.

Appellant's claim of title to each lot rests upon a deed thereto, made under a certain street improvement act, and executed by the proper city officer. Each respondent answered and likewise filed a cross-complaint, alleging that he is the owner of some one or more of the lots, or of an undivided part thereof, and prayed that his title thereto be quieted. The court found against plaintiff on the issues of title tendered by his complaint; on the issues tendered by each cross-complaint the findings were in favor of the cross-complainant; and, save as to defendants against whom the action had been dismissed, a decree was entered adjudging each defendant to be the owner of the land as claimed in his cross-complaint. At the trial it was stipulated, in substance, that the title to each lot is in the defendant or defendants claiming the same, save in so far as it may have been divested by the deeds under which plaintiff claims or affected by the street improvement proceedings pursuant to which those deeds were executed.

[1] The deed under which plaintiff claims title to one of the lots was executed by the city tax and license collector pursuant to proceedings had under the Street Improvement Act of April 21, 1909 (Stats. 1909, p. 1042). Section 17 of that act provides that any deed executed thereunder by the tax collector shall "be *prima facie* evidence of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee." The deeds under which plaintiff claims title to the remaining lots were executed by the board of public works of the city pursuant to proceedings had, respectively, under the Park and Playground Act of 1909 (Stats. 1909, p. 1066), and the Street Opening Act of 1903 (Stats. 1903, p. 376). Each of these last-mentioned acts contains a provision to the effect that a deed executed pursuant thereto shall "be *prima facie* evidence of the truth of all matters recited therein, and of the regularity of all proceedings prior to the execution thereof, and of title in the grantee." (Sec. 25 of the Park and Playground Act—Stats. 1909, p. 1073; and sec. 29 of the Street Opening Act of 1903—Stats. 1903, p. 384.)

Plaintiff rested his case after introducing in evidence the four deeds under which he claims title to the lots. Unless respondents' evidence has successfully impeached these deeds, or some of them, or the regularity of the street opening or street improvement proceedings, pursuant to which the deeds were executed, it must be held that appellant is entitled to a decree in his favor, for the deeds he put in evidence made out a *prima facie* case of title to the lots. (*Tilton* v. *Russek,* 171 Cal. 731, [154 Pac. 860].)

Respondents' brief, though a model of brevity, is lamentably lacking in comprehensiveness. It does not attempt to point out any irregularity in the proceedings, pursuant to which deeds were executed, or call to our attention the omission of any act made necessary to the execution of a valid deed. The evidence, brought up under the alternative method, covers 133 typewritten pages. It certainly is not incumbent upon the members of this court, whose time is occupied continuously with the consideration of questions called to their attention by diligent and assiduous counsel, to perform the labor that properly developed upon the attorneys in this case. We should not be expected, unaided

by counsel, to thread our way laboriously through this long and somewhat complex record on a still hunt for possible defects in the proceedings upon which the validity of these deeds depends. We have done so, nevertheless; but have done it at the loss of much valuable time—time that could have been saved for work on other cases, had counsel for the respondents here devoted but half a page to pointing out the defect to which we shall presently refer and the pages in the transcript whereon the evidence thereof appears. As a result of this time-consuming labor, unnecessarily imposed upon us by counsel's neglect, we have discovered at least one defect that is fatal to the deeds upon which plaintiff relies to establish title. How many other defects might be found, were our attention called thereto, we do not pretend to say.

[2] Each of the notices to redeem that was given by plaintiff, or by the person or persons under whom he claims, includes in the sum necessary to effect a redemption at the time of giving the notice, the three dollars that the statute requires to be paid by the redemptioner for serving the notice and making affidavit thereof. The three street improvement acts under which the deeds that plaintiff relies upon were executed are substantially alike in this, that the applicant for a deed thereunder must serve upon the owner, or the occupant of the property, a thirty-days' notice to redeem, specifying the amount for which the property was sold "and the amount necessary to redeem *at the time of giving notice.*" The applicant for the deed is also required to file an affidavit showing that such notice was given. If redemption is made *after* such affidavit is filed, the person making the redemption "must pay, in addition to the other amounts required, three dollars for the service of the notice and the making of such affidavit." This three dollars is no part of the amount due at the time when the notice is given; and if the notice includes it in the amount necessary to effect a redemption at that time, the notice is ineffective and the deed given thereunder conveys no title. (*Reed* v. *Lyon,* 96 Cal. 501, [31 Pac. 619].)

[3] For this reason, we must hold that the legal title to none of the lots passed to appellant by virtue of any of the deeds under which he claims. It does not follow, however, that the judgment must be affirmed. Though plain-

tiff did not acquire the legal title to any lot, and cannot, therefore, maintain a suit to quiet title against the owner or owners of the legal title, none of the.latter is entitled, by cross-action, to have his title quieted, as against plaintiff's claim, until such owner shall have redeemed his lot from the lien created by the street improvement or street opening proceeding. Until then, each respondent holds his title subject to the lien created by the street improvement or street opening proceeding—a lien that passed to appellant, or to his grantor or grantors, upon the sale of the lot to satisfy the delinquent assessment thereon. Each of the statutes under which the deeds to plaintiff, or to his predecessor or predecessors, were executed provides that the lien of the assessment shall vest in the purchaser of the property, "and is only divested by a redemption of the property as in this act provided." To entitle any of these respondents to affirmative equitable relief, he must do equity. (*Warden* v. *Bittleston etc. Agency*, 41 Cal. App. 1, [181 Pac. 834]; *Chapman* v. *Hicks*, 41 Cal. App. 158, [182 Pac. 336].) For this reason the case must be sent back for a new trial.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.