[Civ. No. 523. Fourth Appellate District.—January 26, 1932.]

GRACE P. WARDEN et al., Appellants, v. HELEN A. GRIES, Executrix, etc., Respondent.

188

J. Everett Brown for Appellants.

W. Joseph Ford, J. F. Moroney and Arnold Gries for Respondent.

LAMBERT, J., *pro tem.*—Plaintiffs and appellants brought an action against defendant and respondent to quiet title to certain property situated in the city of Los Angeles. The complaint was in the usual form of such actions. The respondent filed a second amended answer. The answer in substance denied the claims of appellants and claimed title in the respondent and others as devisees under the last will and testament of Nellie M. Wall, deceased, and respondent also filed a further separate and affirmative defense in which it was alleged, in addition to the matters in the answer, that the deed from the treasurer of the city of Los Angeles under which appellants derived title was void for noncompliance with the law under which it was issued, specifying therein the particulars which rendered the deed void. The answer also asked affirmative relief but this request was afterward withdrawn. The court made findings of fact and conclusions of law covering all the issues in the case and rendered judgment that appellants had no right, title and interest in and to the property described in the complaint or any part thereof. Appellants prosecute this appeal under section 953a of the Code of Civil Procedure and bring up a typewritten record.

The appellants urge for the reversal of the judgment that the decision of the trial court is not justified by the

evidence and is against law; also that the court committed prejudicial error in the omission and exclusion of evidence offered. The plaintiffs, as heretofore stated, relied on a deed from N. T. Powell, city treasurer of the city of Los Angeles, to Grace P. Warden, one of the appellants herein, executed and acknowledged on the twenty-ninth day of June, 1926. This deed was primary evidence of its validity (sec. 75, Improvement Act of 1911 [Stats. 1911, p. 726] and acts amendatory thereof). It was the contention of the respondent, as set forth in her answer, that certain proceedings leading up to the issuance of the deed were not in compliance with law and therefore rendered the deed void. The respondent offered and the court received in evidence the proceedings commencing with the notice to sell for nonpayment of improvement bonds given to the city treasurer by Elliott & Horne Company and including demand to sell, affidavit of posting, affidavit of posting notice to redeem, affidavit of service of notice to redeem, certificate of sale, affidavit of publisher, and ending with the bond heretofore mentioned.

. As to the first specification, appellants refer to certain findings and contend that they are not supported by the evidence. The view we take of the case makes it unnecessary to discuss the findings complained of, for in finding number 6 the court found that the notice of sale was published 14 times instead of twice as required by section 68 of the act under which the sale was made (Improvement Act of 1911 [Stats. 1911, p. 761] and acts amendatory thereof), and thus increased substantially the cost of redemption, as the charge for publication, to wit, $15, was, of course, included in the costs of sale. In finding number 7 the court found that the certificate of sale issued to the appellant Grace P. Warden did not recite the date of the said bond as required by section 72 of the said Improvement Act. These findings are both supported by the evidence and either one, as we will hereinafter show, supports the judgment. ██ Where, as here, the trial court has made findings of fact which are necessarily decisive of the case, the fact that other findings are made, not in any way inconsistent with the findings which dispose of the case, is wholly immaterial and will be disregarded. (Sec. 3537, Civ. Code; *Phillips* v. *Stark*, 65 Cal. App. 136, at 140 [223 Pac.

190

443].) ■ The well-recognized rule governing the sale of property for the nonpayment of assessment or improvement bonds, just as in the case of tax sales, is clearly set forth in the case of *Warden* v. *Bittleson Law etc. Agency,* 41 Cal. App. 1, at page 3 [181 Pac. 834, 835], as follows:

"Assessments for street improvements, like tax proceedings, are *in invitum,* and where the statute prescribes the notice which is to divest the owner of his title, that notice must be given. None other will suffice. A court will not be justified in saying that some other kind of notice would be equally effective. The express requirements of the statute cannot be avoided on the ground that they serve no useful purpose. It is never a question whether, by reason of some omission, the owner has been injured or misled, but whether there has been a compliance with everything the law makes a condition precedent to the right to a deed."

With this rule in mind we now come to the claim of appellants that the decision is against law; in other words that the findings do not support the judgment. ■ It is a fundamental principle of tax and assessment law that an inclusion in a notice to redeem of any amount in excess of what the statute requires to be paid renders such notice ineffective, and that a deed given thereunder conveys no title. (*Colkins* v. *Doolittle,* 45 Cal. App. 776 [188 Pac. 601]; *Warden* v. *Broome,* 9 Cal. App. 172 [98 Pac. 252]; *Hall* v. *Park Bank of Los Angeles,* 165 Cal. 356 [132 Pac. 452].) In *Treadwell* v. *Patterson,* 51 Cal. 637, where the excess appeared to be thirty-six cents, the court said: "In such cases the rule, as stated by Judge Cooley in his . . . work on Taxation (page 344), is that 'a sale for anything more than is lawfully chargeable, is a sale without jurisdiction, and therefore void'."

■ The evidence shows that this notice was published 14 times and the charge for the publication was $15. We think this amount was an unauthorized amount. The evidence shows and the court found that such was the case, and while the evidence does not show the difference between the costs of a publication twice and 14 times, it does show that the increase would be very substantial. An overburdened taxpayer should not be required to pay more than the amount authorized by law in order to redeem his property. This rendered the deed void under the authorities

cited above. (See, also, *Chapman* v. *Jocelyn,* 182 Cal. 294, at 298 [187 Pac. 962].)

Finding number 7 was to the effect that the certificate of sale failed to recite the date of the bond as required by section 72 of the Improvement Act and was therefore fatally defective and invalidated the deed issued in pursuance thereof. In *Preston* v. *Hirsch,* 5 Cal. App. 485, at 489 [90 Pac. 965, 967], the court said:

"The objections made to the certificate of sale have already been stated. It is well settled that proceedings on tax sale are *in invitum,* and to be valid must be *stricti juris.* The power exercised is purely statutory, and the steps directed by the statute must be strictly pursued. (*People* v. *Central Pac. R. R. Co.,* 83 Cal. 393, 398 [26 Pac. 303].) It was held in *Simmons* v. *McCarthy,* 118 Cal. 622 [50 Pac. 761], that under section 3,786 of the Political Code, requiring a tax deed to recite the matters recited in the certificate of sale, and section 3776, requiring the certificate of sale to state 'the name of the person assessed, the description of the land sold, the amount paid therefor, and that it was sold for taxes, giving the amount and the year of the assessment, and specifying the time when the purchaser will be entitled to a deed', a tax deed reciting that the property assessed 'in the year 188— for the year 1888 and 1889', is void for failure to state the year of the assessment. It was also held that such a deed cannot be aided by reference to the certificate of sale; also that the amount of the taxes and subsequent charges must be correctly stated. The same would be true of the certificate of sale in so far as the statute prescribed what must appear therein."

And in *Hinds* v. *Clark,* 173 Cal. 49, at 52 [159 Pac. 153, 154], the Supreme Court lays down the same rule in the following words:

"It has been frequently reiterated that 'where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise'. (*Henderson, etc.,* v. *De Turk,* 164 Cal. 296 [128 Pac. 747]; *Baird* v. *Monroe,* 150 Cal. 560, 564 [89 Pac. 352]; *Preston* v. *Hirsch,* 5 Cal. App. 485 [90 Pac. 965]; *Simmons* v. *McCarthy,* 118 Cal. 622 [50 Pac. 761]. See, also, *Jordan* v. *Beale,* 172 Cal. 226 [155 Pac.

990].) The identical question before us was presented in *Stanton* v. *Hotchkiss,* 157 Cal. 652 [108 Pac. 864], but although error was conceded by the counsel, it was held to have been cured by the Curative Act of 1903 (Stats. 1903, p. 63), the purpose of which was to confirm, validate, and legalize certain tax deeds executed to the state. In other cases where the question was involved, substantially the same conclusions were reached. (*Baird* v. *Monroe,* 150 Cal. 560 [89 Pac. 352]; *Fox* v. *Townsend,* 152 Cal. 51 [91 Pac. 1004, 1007]; *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 239 [90 Pac. 936]; *Carter* v. *Osborn,* 150 Cal. 620 [89 Pac. 608].) It is suggested in these cases, however, but for the Curative Act such errors would render the tax proceedings defective, for 'it is well settled that proceedings on tax sales are *in invitum* and to be valid must be *stricti juris'.* (*Preston* v. *Hirsch,* 5 Cal. App. 485 [90 Pac. 965].) It has been said that notwithstanding these requirements of the law could not apparently 'be of any substantial benefit to the property owner', the tax deed must be held invalid, even though the ruling appear to be extremely technical. (*Baird* v. *Monroe,* 150 Cal. 560 [89 Pac. 352].)''

This omission in the certificate of sale must therefore be held to render the deed to appellants void. Appellants seek to avoid the force of the decisions by referring to section 82 of the Improvement Act of 1911 heretofore mentioned. They quote the section partially, leaving out the last sentence. This section reads as follows:

''This act shall be liberally construed to the end that its purposes may be effective. No error, irregularity, informality, and no neglect or omission of any officer of the city, in any procedure taken hereunder, which does not directly affect the jurisdiction of the city council to order the improvement, shall avoid or invalidate such proceeding or any assessment for the cost of work done hereunder. *The exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council as herein provided''.* (Italics ours.)

It will be noted from an examination of this section that it is only curative of any error or mistake in the proceedings whereby the improvement work is done, and leading up to the issuance of the bonds, or in the assessment, and has no reference to the procedure for a sale on delinquent assess-

ments. The last sentence of the section clearly indicates this construction. The section clearly indicates that the errors complained of must have been such that the property owners could have called them to the attention of the council by way of an appeal as provided for by section 26 of the act (as amended Stats. 1923, p. 117, sec. 5), and that the section cannot refer to errors in the conduct of a sale for delinquent assessments which is held long after the time when the right to appeal to the council has passed. The cases cited by appellants on this point are in no sense applicable in the instant case.

With reference to the claim of prejudicial error on the part of the trial court in rejecting and receiving evidence, appellants make no argument in their brief in support of this contention, but we have read the record and certainly find no prejudicial error in any of the rulings of the court. The court having found that the deed was void the appellants acquired no title through it and it became immaterial to inquire into the title of defendant. (*Klumpke* v. *Henley*, 24 Cal. App. 35 [140 Pac. 289, 313] ; *Kilfoil* v. *Warden*, 46 Cal. App. 502 [189 Pac. 303] ; *Rockey* v. *Vieux*, 179 Cal. 681 [178 Pac. 712].)

Other matters are discussed in the briefs but do not require consideration as what we have already said disposes of the case.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.